RICKETS AND WIFE *against* LIVINGSTON, Executor, &c.

In an action brought by A. against an executor for a legacy, the defendant of-
fered in evidence an account, and certain bonds which had been paid and
cancelled by the testator, on which there was an indorsement by the testa-
tor, that by agreement between A. and B. they were to be charged to the
account of A. and the bonds were for that reason cancelled. The indorse-
ment was *prior to the date of the will. It was* held that the account, and
indorsement made on the bonds, were not sufficient evidence to support the
debt set up against A. by the executor. And that if the debt had been
proved, it would *not have been released or extinguished by the legacy.*

THIS was an action of debt, upon the statute, (24 sess. c.
174, s. 7,) for a legacy, due to the wife of the plaintiff, as re-
siduary legatee, under the will of P. V. B. Livingston, de-
ceased.   Plea *nil debet.*

The cause was tried, at the March circuit, before Mr. Jus-
tice *Kent.* The demand of the legacy was proved. The
defendant, in support of his right to retain, offered to prove,
that the testator married the mother of the plaintiff, who was
the widow of William Rickets, deceased, and that a large ac-
count was entered in the testator's books against John
Rickets, the plaintiff's brother, comprising among
[*98]    *other things, the amount of several bonds, and other
articles, paid for the account of the family of William
Rickets, and among the rest, to the plaintiff, for which a bal-
ance was due to the testator, on the 2d July, 1784, of 609*l.*
6*s.* 11*d.*

The four bonds mentioned in the account, were also offer-
ed in evidence. One of them was given to the testator, and
the other three were paid and taken up by him. On each of
the bonds was the following indorsement, in the hand writ-
ing of the testator. " 1791, November 17. Upon the settle-
ment of Jacob Rickets and James Rickets, the within bond
charged in my account, is to be paid by James Rickets, that
is to say, the whole balance of my account due to me. I
therefore gave the said bond to be cancelled, which was done
in my presence, by tearing off the seals.".

This evidence was rejected by the judge, and a verdict

Rickets v. Livingston.

was taken for the plaintiff, subject to the opinion of the court, as to the admissibility and effect of the evidence.

*Hamilton,* for the plaintiff.

*Troup* and *Harison,* for the defendant.

RADCLIFF, J. This is an action of debt for a legacy, bequeathed by the defendant's testator to Sarah Rickets, one of the plaintiffs. The plea is *nil debet,* and the defendant insists on the right to retain the legacy, or a part of it, in satisfaction of the debt claimed to be due from the plaintiff, James Rickets, to the testator.

Two questions arise :

1. If such debt did exist, was it not released or extinguished by the subsequent will of the testator ?

2. If not, whether there is sufficient proof of the debt ?

1. If the debt did exist against the present plaintiff, James Rickets, the subsequent legacy to Sarah Rickets did not ex - tinguish it. A legacy to one who, at the date of the will, is indebted to the testator, does not release or extinguish *the debt, unless it appears to be so intended, on the [*99] face of the will. It remains subject to the residuary, or other dispositions of the will, and if not disposed of, will be decreed to the next of kin. In the case of *Brown* v. *Selwyn,* 3 Bro. C. C. 110, (Temp. Talbot, 240,) there was parol proof that the testator intended the debt should be released, which was rejected. The legacy to Sarah Rickets, in the present case, is expressed in the same terms, as the legacies given to the other daughters, being " in addition " to what he had already given them. There can, therefore, be no inference from this mode of expression, in favor of this particular legacy. It would rather seem, that the testator meant to place all his daughters on the same footing ; and if he had a different intention with respect to this debt, it is probable he would so have expressed it. The clause in the will, requiring his son Philip to account for the moneys with which *he* stood charged in his books, deducting what he had paid for his son William, can have no influence on this question. It might require a different arrangement, and it does not appear that he stands, under the will, on the same footing with the

daughters. If therefore, the debt did exist, it cannot be considered as affected, or extinguished by the will. But,

2. I think there is not sufficient evidence to establish the debt. Originally, it was not a debt of either of the plaintiffs. The only evidence that it was assumed by James Rickets, arises from the indorsements on the bonds, in the hand-writing of the testator. There is no other trace of the demand. It is not entered in his books, nor does it appear to have been afterwards claimed by him, or acknowledged by J. Rickets. The will is *subsequent, in date,* and takes no notice of it. This, although not a positive release or bar to its recovery, is still a circumstance to weigh in the scale of presumptions. James Rickets was married to a daughter of the testator, and the latter survived the transaction for several years. If the debt ever existed, or was intended to remain a charge against James Rickets, it is probable that something farther [*100] on the part of *the testator, at least, would have appeared. On the whole, the circumstances are too loose and uncertain to be admitted as proof of the debts.

Proceeding on this ground, it is unnecessary to decide whether in any, and in what cases, the acts of the testator may be received as evidence of a demand against his legatee. I think there may be cases in which it would be proper. The objections on the ground of interest do not apply, as in ordinary cases. The relation between a testator and his legatee, is not the same as that which usually exists between parties litigating adverse claims, and, therefore, may admit of a greater latitude of proof. But the acts of a testator, thus to affect a legatee, ought always to be express and unequivocal, and not liable to doubtful or uncertain construction. They are not so in the present case.

If the transfer of the debt, in the manner alleged, had been satisfactorily proved, I think there would be a sufficient consideration to support the *assumpsit,* on the part of J. Rickets. By cancelling the bonds due from other persons, the testator destroyed his right of action, and was deprived of his remedy against them, and an injury or deprivation of right to one party, as well as a benefit to the other, is equally a good con-

sideration for a promise. For the want of this proof, I am of opinion, that the set-off cannot be allowed, and the plaintiff must have judgment.

BENSON, J. and LEWIS, J. were of the same opinion.

KENT, J. The evidence having been refused at the trial, the question is, now, whether it was competent proof?

It is an established rule, in the court of equity, that if a testator grant a legacy to his debtor, the debt is not thereby released, and that if a legatee sue for his legacy, the executor may deduct from his legacy the amount of the debt. (Mosely, 300. Cas. temp. Talbot, 240. 3 Bro. C. C. 110.) But the indorsement on the bonds, cannot be regarded as a debt, or as evidence of any assumption by the *plaintiff. The plaintiff had no interest or concern in [*101] the bonds, and no other charge or demand appears to have existed against him. The act of the testator, in making the indorsements, is no foundation for a suit against the plaintiff, at law or in equity. Shall it therefore go to defeat or impair the legacy?

The general disposition of the equity courts, is in favor of the efficacy and absolute nature of legacies. A legacy naturally implies bounty or benevolence, and it is, *prima facie*, to be presumed absolute. (Mosely, 300. 3 Atkyns, 97. 1 Brown's Civil Law, 304.) The courts, accordingly, lean against considering a legacy as payment, even of a debt, for as far as a legacy is applied to pay a debt, so far it is no legacy. It is making it a payment, instead of a gift. (1 P. Wms. 299, 408. 1 Salk. 155. 3 Woodd. 538. 1 Bro. C. C. 129. 2 Fonb. 320.) It is with the like disposition, that the rule has been adopted, that where the same sum is repeated to a legatee in a codicil, that was in the will, he shall *prima facie*, be entitled to both sums. (1 Bro. C. C. 391. 2 H. Black. 213. 1 Vesey, jun. 472. 1 Brown's Civil Law, 304.)

In the present case, if the indorsements be admitted as a competent set-off against the legacy, it will be rendering the legacy no legacy, to the amount of the indorsements. To

place this objection in a stronger light: Suppose A. gives 1000 dollars to B. by will, and when B. comes to demand the gift, the exe<sup>r</sup> utor, to repel it, produces a memorandum in the hand-writing of A. found among his papers, charging B. with a debt of 1000 dollars. If that memorandum was to be considered as competent to extinguish the legacy, B. might well say, the legacy was *vox et preterea nihil.* Without the legacy, the memorandum was a nullity. With the memorandum, the legacy becomes null. B. is left in the same state, exactly, as if no will had been made. This is certainly repugnant to the ancient and sound maxims of interpretation. *Verba debent intelligi cum effectu. Utile per inutile non vitiatur.*

[*102] *The position is altogether new, that a demand, valid in law, can be repelled by a counter demand which cannot support a suit, either at law or in equity.

The rational doctrine of set-off, was introduced from the civil law, to prevent circuity of action, and not to give efficacy to claims which had none before.

The indorsements on the bonds have no connection with the will, and cannot therefore be reached by the rule, that one declaration or act is to be construed or explained by another.

Nor do I see that it will tend to promote truth or justice, to admit the naked declarations of a testator, in a case totally detached from his will, and which would otherwise be of no avail or consideration in law, to defeat or control the provisions of an instrument, which the law has generally taken care to secure, by very minute regulations. I am of opinion, therefore, that the evidence offered was incompetent.

LANSING, Ch. J. not having heard the argument in the cause, gave no opinion.

Judgment for the plaintiffs.(*a*)

(*a*) " Where a man is indebted, either in the common way, to a stranger; or to a wife, on account of having retained her pin-money ; a child, on account of having received and retained his legacy ; a servant, for wages ; or as executor or trustee, or for an annuity, &c. In such, and the like cases, if the debtor bequeath a legacy to his creditor, in amount equal to, or greater

than the debt, and full as beneficial in other respects, it shall, if no contrary intention appear, be presumed to be given in satisfaction of the debt. Under what circumstances this presumption will arise, see Math. Pres. Ev. 108, *et seq.* 2 Story's Eq. 378. See also *Williams* v. *Crary*, 5 Cowen, 368. 4 Wend. 443, S. C. *Massey* v. *Leaming*, 4 Dall. 123. *Owings' ex'rs* v. *Owings*, 1 Harr. & Gill, 484. *Ladson* v. *Ward*, 1 Dess. Eq. R. 314. *Guignard* v. *Mayrant*, 4 id. 614. *Scott's ex'r* v. *Osborne's ex'r*, 2 Munf. 413. *Strong* v. *Williams*, 12 Mass. R. 390. *Byrne* v. *Byrne*, 3 Serg. & Rawle, 54, 60. *Mulheran's ex'rs* v. *Gillespie*, 12 Wend. 349. *Keely* v. *Keely's ex'rs*, 6 Rand. 176. *Clarke* v. *Bogardus*, 12 Wend. 67. *Rickets* v. *Livingston*, 2 Johns. Cas. 98. *Foster* v. *Evans*, 6 Sim. 15. *Scott's ex'r* v. *Osborne's ex'r*, 2 Munf. 413. With regard to parol evidence in elucidation of the testator's intention, it seems now to be fully established, notwithstanding Lord Talbot's objection in *Fowler* v. *Fowler*, 3 P. Wms. 354, that such evidence is alike admissible, for the purpose of repelling, or, when contradicted, of corroborating the legal implication. *Cuthbert* v. *Peacock*, 2 Vern. 593 ; 1 Salk. 155, S. C. *Pole* v. *Lord Somers*, 6 Ves. 324-6. *Wallace* v. *Lord Pomfret*, 11 id. 542, 547, *et seq.* And see the cases *supra*, pl. 5, as to parol evidence on the subject of purchases, devises, &c. ; in performance or satisfaction of covenants in family settlements, &c.; also *Williams* v. *Crary*, 4 Wend. 443. In the case last cited, the supreme court of New York went not only the length of the English cases, in receiving parol evidence as to all the extrinsic circumstances calculated to raise the presumption ; but they appear to have received and acted upon evidence of a conversation between the testator and the legatee, to raise the presumption in the first instance. 4 Wend. 449 to 452. See also *Clarke* v. *Bogardus*, 12 Wend. 67. The doctrine of the constructive satisfaction of a debt, by advancing a marriage portion to the creditor, seems to depend on the same principle. *Chidley* v. *Lee*, Prec. Cha. 228, overruled in *McDowell* v. *Halfpenny*, 2 Vern. 484. *Wood* v. *Briant*, 2 Atk. 521, 522. *Seed* v. *Bradford*, 1 Ves. sen. 501, *Chave* v. *Farrant*, 18 Ves. 8." Cowen & Hill's Notes to 1 Phill. Ev. 1493.

