Judgment reversed and new trial granted, costs to abide event.

---

In THE MATTER OF THE CLAIM OF JOHN WELLER, RESPONDENT, *v.* MARION WELLER AND ANOTHER, EXECUTRIX AND EXECUTOR, ETC., APPELLANTS.

*Executor — claim of, against estate — 2 R. S., 88, § 33 — reference — bill of particulars — refusal to order, not reviewable — Declarations of deceased — when inadmissible.*

Where a claim made by one executor against the estate of his testator, has been rejected by his co-executors, and the same has, upon a stipulation and agreement approved by the surrogate, been referred to a referee to hear and determine, and a judgment in favor of the claimant has been entered upon his report, it is too late to raise the objection that the claim of an executor is not referable (§ 33, 2 R. S., 88), but must be heard by the surrogate in person.

Upon the trial the referee refused to require the plaintiff to furnish a bill of par-

* 55 N. Y., 251.    † 4 N. Y. S. C., 163; S. C., 1 Hun, 714.    ‡ 42 Barb., 105.

ticulars. *Held* (1), that this was a matter of discretion, and, in the absence of an abuse of such discretion, it was not reviewable; (2), that defendants, when the claim was presented, could have required it to be made more precise and particular before accepting or rejecting it.

In an action against executors to recover a debt due from their testator, his declarations are not admissible to show that he was not indebted to the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*John Sanders*, for the appellants.

*James Fuller*, for the respondent.

BOARDMAN, J.:

The plaintiff was an executor named in the will of Jacob Weller, deceased. Defendants were also executrix and ˙executor of said will. Plaintiff presented a claim against the estate of deceased, which was rejected by the defendants, and, upon a stipulation and agreement, approved by the surrogate, the claim was referred to a referee to hear and determine the. same. The referee found in favor of plaintiff's claim, and on motion judgment was ordered for the plaintiff upon the report of the referee, but without prejudice to defendants' right to review the exceptions.

The defendants object that a claim of an executor, named in the will, against the estate, is not referable under section 33, 2 Revised Statutes 88, but must be heard by the surrogate in person. That may be true, but these parties have agreed to have this dispute heard by a referee, and the surrogate has approved of such agreement. It is now too late to object. The objection could properly have been raised by defendants.when the reference was had. Having failed to make the objection then, it is waived.

The defendants urge further, that the referee erred at the trial, in not requiring plaintiff to furnish a bill of particulars. There are two sufficient answers to this exception: First, it was a matter in the discretion of the court, and, in the absence of an abuse of discretion, is not reviewable; * secondly, it was in the power of the defendants, when plaintiff's claim was presented, to require that it should be made more precise and particular, before accepting or

* Cadwell v. Goodenough, 28 How., 479.

rejecting the claim. Besides, the application for such bill should be made to a court, or a judge at chambers, and not to the referee, no demand having been made under section 158 of the Code.*

For a third exception, the defendants claim that the report of the referee is against the clear weight of evidence. I do not think so. The report is abundantly sustained by the evidence of William Weller and George Weller, sons of the deceased, as to his admissions to them shortly before his death. Against this is the evidence of Judge Sanders, of declarations of the deceased at the time of making his will, to the effect that he did not owe anyone. If we should concede that this evidence was admissible, there would be the evidence of two witnesses for the plaintiff, against one for the defendants, as to the declarations of the deceased. As a court of review, we could not, upon such a state of facts, say the referee should have believed the one witness, however worthy, and discredit the two. But the declarations of the deceased were not admissible in favor of his estate, to show that he was not indebted to plaintiff. The declarations of a party against his interest are admissible upon the presumption that he would not speak to his own injury unless it were true. But he cannot make evidence by declarations in his own interest. The defendants represent the deceased, and they can prove no declarations of his which he could not.

The case is not one where a new trial can be granted upon the ground that the report of the referee is against the clear preponderance of the evidence.

There can be no propriety in claiming that the legacy given plaintiff by the will of deceased was to be a satisfaction of plaintiff's claim. There is not the slightest evidence of any such intention.†·

The opinion of the referee is quite satisfactory upon the last two subjects discussed.

For the reasons stated, the judgment must be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.

* 2 Wait Pr., 348.

† Williams v. Crary, 4 Wend., 443; Rickets v. Livingston, 2 Johns. Cas., 97; Clarke v. Bogardus, 12 Wend., 67 ; Fort v. Gooding, 9 Barb., 371.