NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1882.

SMITH v. MURRAY.

*In the matter of the estate of* JANE M. CHARLICK, *deceased.*

The mere gift of a legacy is not a manifestation of testator's intent to remit a debt due from the legatee.

An executor is justified in refusing payment to a legatee indebted to testator in a sum greater than the legacy, and applying the same in part satisfaction of the debt.

Upon a proceeding under Code Civ. Pro., §§ 2717, 2718, to procure a decree for the payment of a legacy, an answer of the executor that, at the time of testator's death, the legatee was indebted to him in a sum greater than the legacy, is a sufficient denial of the validity and legality of petitioner's claim, within the meaning of the latter section, and necessitates a dismissal of the petition.

PETITION by Abigail A. Smith, a legatee under decedent's will, for a decree directing Jane A. Murray and Jessie Reynolds, the executrices, to pay her legacy. The facts appear sufficiently in the opinion.

T. ASTLEY ATKINS, *for petitioner.*

O. U. KELLOGG, *for executrices.*

THE SURROGATE.—The petitioner, who is a legatee under decedent's will, makes application, under section 2717 of the Code, for a decree directing the executor to pay her legacy. By the express provisions of section 2718, such a petition must be dismissed if the executor in a sworn answer denies the validity and legality of the claim, and alleges facts which support his denial.

The answer which has been interposed in the present case alleges that, at the time of decedent's death, the legatee was indebted to her in a larger sum than the amount bequeathed to her by the will. It is claimed in opposition that no such indebtedness existed, and that, within the meaning of section 2718, the averment that it did exist and still exists does not tend to impeach the validity and legality of petitioner's claim.

I cannot so construe the statute. Nobody would contend that the mere gift of a legacy is, of itself and necessarily, a manifestation of an intent on the part of the testator to remit a debt due him from the legatee. Assuming in this case, therefore, that the alleged indebtedness existed and has not been extinguished (and clearly I have no jurisdiction to find the contrary to be true), the executor is justified in refusing to pay the legacy, and in applying it in part satisfaction of the debt (Clarke

v. Bogardus, *12 Wend., 67;* Jeffs v. Wood *2 P. Wms., 129;* Ranking v. Barnard, *5 Maddock, 32;* Courtenay v. Williams, *3 Hare, 539;* Wright v. Austin, *56 Barb., 17;* Close v. Van Husen, *19 Barb., 509;* Rickets v. Livingston, *2 Johns. Cas., 100;* Smith v. Kearney, *2 Barb. Ch., 533;* Smith v. Smith, *3 Giffard, 260;* Coates v. Coates, *33 Beavan, 249*).    The answer, therefore, very distinctly denies the validity of the petitioner's claim, and the application must be dismissed without prejudice to any action which she may see fit to bring elsewhere.

Ordered accordingly.