ASHLEY *et al. v.* LAMB.

(*Supreme Court, Special Term, Monroe County.* July 11, 1888.)

EXECUTORS AND ADMINISTRATORS—APPLICATION FOR DECREE AGAINST—ANSWER.

Under Code Civil Proc. N. Y. § 2718, subd. 1, providing that the surrogate must dismiss a creditor's application for a decree directing the executor or administrator to pay his claim, upon the filing of a "written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality," an answer stating that the judgment presented has been paid, is sufficient, and it is not necessary to give a bill of particulars, or to plead the evidence.

On motion to dissolve injunction.

Action by Julia P. Ashley and Jeannie T. Hard, administratrices of William M. Ashley, deceased, to restrain the defendant, George W. Lamb, from proceeding to collect a judgment in favor of Charles O. Ashley against said William M. Ashley, assigned to defendant, to cancel and annul the same, and for general relief. Defendant had presented his petition to the surrogate of Monroe county, upon which a citation was issued to the administratrices, requiring them to show cause why they should not pay the judgment. The surrogate ordered that defendant be allowed to come in as a creditor of the decedent. One of the administratices filed an answer, denying the indebtedness of her intestate to Lamb, and alleged that the judgment was paid. The surrogate afterwards decreed that the administratrices pay the amount of the judgment to Lamb. The judgment not being paid after demand, an order was issued requiring the administratrices to show cause why they should not be punished for contempt in refusing to pay it. An order for the punishment of one of the administratrices was granted, when the injunction was served on Lamb, requiring him to proceed no further in his attempt to collect the debt. Lamb moved to dissolve the injunction, and the motion was heard upon affidavits and other evidence.

*T. Raines,* for the motion. *Alfred Ely* and *W. D. Shuart, contra.*

ANGLE, J. The papers in this motion are quite voluminous. The oral argument was elaborate, and the submitted briefs are very full. The motion turns upon a single point, and that is whether the answer put in by the plaintiffs, under section 2718, subd. 1, of the Code, required that the surrogate should have dismissed the application of the defendant, Lamb, for the collection of a judgment recovered by Charles O. Ashley against the deceased, and which had been assigned to one Porter M. Hinman, and by Hinman assigned to Lamb. The above section required the surrogate to dismiss Lamb's application upon the filing of a "written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and

legal, denying its validity or legality absolutely, or upon information and belief." The position of the plaintiffs' answer interposed before the surrogate, and on which they rely, "alleges, upon information and belief, that before the date of the assignment of said judgment to the said Porter M. Hinman, and in or about the month of January, 1883, the said William M. Ashley paid to the said Charles O. Ashley the full amount of said judgment, and interest thereon." This answer was duly verified. The Code names the paper to be filed an "answer." If it had required an affidavit setting forth the facts, etc., it would have been an indication of an intention to require a more specific statement of facts than is shown by the use of the word "answer," which is usually the name of a pleading. It is not questioned here that the present answer would have been a good answer of payment in an action by Lamb upon the judgment. The "answer" of title to real property under section 2951 of the Code affords an analogy for illustration. The language there is: "The defendant may * * * set forth in his answer facts showing that the title to lands will come in question." Upon such answer, and the giving of an undertaking, the action before the justice is to be discontinued. Section 2954. The above section 2951 has never been held to require such answer of title to set forth the specific facts showing how or upon what the answer is based, or by what proofs it is to be supported; but it is sufficient if its allegations are such that under the rules of pleading the issue of title is made. *Main* v. *Cooper*, 25 N. Y. 180; *Heath* v. *Barmore*, 50 N. Y. 302. By the Code, § 481, a complaint is to contain "a plain and concise statement of the facts constituting such cause of action," and an answer must contain (section 500, subd. 2) "a statement of any new matter constituting a defense or counter-claim, in ordinary and concise language." This difference in language has never been held to create a different rule of pleading in an answer from that prescribed for a complaint as to manner in which facts are to be stated. Section 2710 of the Code also provides for the dismissal by the surrogate of proceedings in regard to property. "In case the person so cited shall interpose a written answer, duly verified, that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon or special property therein, the surrogate shall dismiss the proceedings as to such property so claimed." This section does not require that the answer shall "set forth the facts which show that it is doubtful," etc., as in section 2718, but prescribes quite a general form in which the matters are to be stated to oust the surrogate of his jurisdiction. My conclusion is that the answer interposed before the surrogate was sufficient, and required the surrogate to dismiss Mr. Lamb's petition; that the "setting forth the fact" of payment in the form used showed that it was doubtful whether the petitioner's claim was valid and legal, and it was a denial of its validity or legality. In other words, I hold that it was not necessary in this answer to give a bill of particulars, or plead the evidence. After the filing of that answer the surrogate had no further jurisdiction, except to order the dismissal. This conclusion is supported by the opinion of Surrogate ROLLINS in *Smith* v. *Murray*, 1 Dem. Sur. 34, where a legatee asked that executors pay a legacy to her. The answer alleged that at the time of decedent's death the legatee was indebted to decedent in a larger sum than the legacy, and the surrogate held that the answer very distinctly denied the validity of the petitioner's claim, and he dismissed the application. The motion must be denied, with $10 costs of motion to the party prevailing in the action, and to abide the final adjudication as to costs of the action.