## CLARKE *vs.* BOGARDUS.

A legacy by a *creditor* to the wife of the *debtor*, is not a satisfaction of the debt due the testator.

*It seems*, that the doctrine that a legacy operates as the payment of a debt, applies only where the *testator* is the *debtor* and the *legatee* is the *creditor ;* and that even then it is not to be deemed a satisfaction of a pre-existing debt, unless it appears to have been the intention of the testator that it should so operate.

Wher a legacy is left to the testator's *debtor*, and the debt is less in amount than the legacy, the legatee is considered to have so much of the *assets* in his hands as the debt amounts to, and consequently to be satisfied *pro tanto ;* and where the debt exceeds the legacy, the executors of the testator are entitled to retain the legacy in part discharge of the debt.

ERROR from the superior court of the city of New-York.
Bogardus, as collector of the goods and chattels which were
of Hannah Fisher, deceased, by virtue of special letters of ad-
ministration, sued Clarke on a bond executed by him to Han-
nah Fisher, bearing date 26th June, 1800, conditioned for the
payment of $250 annually to the obligee during her natural
life. The defendant pleaded, that on the 5th July, 1810,
Hannah Fisher made and published her last will and testa-
ment, setting the same forth *verbatim*, by which the testatrix
gave to her daughter *Ellen* a legacy of $750 as an evidence
of her love and affection, and directed, in case of the death

NEW-YORK,
May, 1834.

Clarke
v.
Bogardus.

of Ellen, that the same be paid to her children or to their legal representatives; the defendant then alleged, that on the 21st March, 1819, Hannah Fisher died without having altered or revoked her will, and that her daughter Ellen named in the will is the *wife* of the defendant; and averred that the testatrix, by the will and bequest, intended to release and discharge the defendant from the bond executed by him, and for the payment of the money thereby secured. To this plea the plaintiff demurred, and the court gave judgment in his favor. The defendant sued out a writ of error.

*S. A. Foot,* for the plaintiff in error, cited Preston on Legacies, 339, tit. Satisfaction; 2 Roper on Legacies, 62; Toller's Law of Ex'rs, 263; 5 Cowen, 368; 8 id. 246.

*M. T. Reynolds,* contra.

*By the Court,* SAVAGE, Ch. J. The only question is, whether the legacy given to the wife of the defendant and to her children and their legal representatives is a discharge of the defendant's bond.

I know of no rule applicable to this case, except the general rule in the construction of wills, to wit, that the intention of the testator is to be sought for in the will itself, and carried into effect. The doctrine of a legacy, operating as payment of a debt, applies only where the testator is the debtor and the legatee is the creditor. The rule laid down in the books on that subject is, that a legacy given by a debtor to his creditor, which is equal to or greater than the debt, shall be considered as a satisfaction of it. Toller's Law of Ex'rs, 336. To this rule there are many exceptions. This subject has been discussed by this court in the case of *Williams* v. *Crary,* 5 Cowen, 368, 8 id. 246, and 4 Wendell, 449, where I came to the conclusion, that the exceptions to the rule are so numerous that the rule should be stated differently, to wit, that a legacy shall not be deemed a satisfaction of a pre-existing debt, unless it appears to have been the intention of the testator that it should so operate. I shall not again go into an examination of that doctrine; it has no application here. The tes-

tator was not the debtor, but the creditor ; and the rule in such cases is, that if a legacy be left to the testator's debtor, the debt shall be deducted from the legacy, for the legatee's demand is in respect of the testator's assets without which the executor is not liable, and therefore the legatee in such case is considered by a court of equity to have so much of the assets already in his hands as the debt amounts to, and consequently to be satisfied *pro tanto ;* for there can be no pretence to say, because the testator gives a legacy to his debtor, it is an argument to show that the testator meant to remit the debt. Toller, 338. Mr. Toller cites *Rankin* v. *Barnard*, 5 Maddock's R. 32, to prove that where a legacy was left to the wife of A., who was largely indebted to the testatrix, and A. became a bankrupt, and his wife afterwards died without having asserted any claim in respect to the legacy, and the assignees claimed it, it was held that the executors of the testatrix were entitled to retain the legacy in part discharge of the debt due to the testatrix. This question also arose in *Rickets* v. *Livingston*, 2 Johns. Cas. 98, where Radcliff, justice, says ; " A legacy to one, who at the date of the will is indebted to the testator, does not release or extinguish the debt, unless it appears to be so intended on the face of the will." On the face of the will in this case, neither the defendant (Clarke) or the bond in question is mentioned. The legacy is given to the daughter of the testatrix : not as the extinguishment of a debt. but as evidence of the love and affection of the testatrix to a daughter who was well provided for, and in case of her death, to her children and their representatives, as if she intended that the husband should have no control over it.

I am clearly of opinion that the superior court decided correctly, and their judgment must be affirmed.