Sorrelle's exr's, v. Sorrelle.

## SORRELLE'S exr's v. SORRELLE.

1. A legatee whose legacy has never been assented to, cannot set-off the provision made for him by the will, against an action brought by the executors for the re‌covery of money due to the testator.

2. The construction of a will, or other writing, where the meaning and intention of its author, is to be gathered from the paper alone, involves a *mere legal in‌quiry*, which is to be decided by the court.

3. Where a creditor bequeaths a legacy to his debtor without r̶e̶l̶e̶a̶s̶i̶n̶g̶ ̶t̶h̶e̶ ̶d̶e̶b̶t̶, and after the testator's death, the securities for the debt are found r̶e̶m̶a̶i̶n̶i̶n̶g̶ among his papers, the legacy is not considered even *prima facie* a release or ex‌tinguishment of the debt.

WRIT of Error to the County Court of Dallas.

This was an action of assumpsit, by the plaintiffs in error, against the defendant, on three several promissory notes, for the sum of eighteen hundred dollars each, dated the 15th September, 1837, and payable on the first day of March, 1839, '40 and '41, to the plaintiff's testator. The defendant pleaded *non assumpsit*, payment and set-off, and several other pleas, on which the plaintiff took issue. He also pleaded in short, "payment and satisfaction," to which the plaintiffs demurred, and the demurrer being overrul‌ed, they joined issue; and thereupon, the cause was submitted to a jury, who returned a verdict for the plaintiffs, for about one-third the sum sought to be recovered, and on this verdict a judg‌ment was rendered.

From a bill of exceptions in the record, taken at the instance of the plaintiffs, it appears that the defendant gave in evidence the will of John Sorrelle, the plaintiff's testator, and insisted that the provision therein made for him, released him from the payment of the notes sued on. The will, after bequeathing something to one of the testator's children, and deducting something from two others, so as to equalize the shares of all, bequeaths the estate to his children to be divided between them.

The plaintiffs counsel insisted that it was the province of the court to determine the construction of the will, and to expound to the jury the meaning and intention of the testator, but the court

ruled otherwise; "and instructed the jury, that they were to take the will and examine it, and if from its terms, they believed that it was the intention of the testator to release the defendant from the payment of the notes mentioned in the declaration, they should find for the defendant." The counsel for the plaintiffs also asked the court to charge the jury, that by the terms of the will, the defendant was not thereby released from the payment of the notes in suit; which charge the court refused to give.

EDWARDS, for the plaintiffs in error, insisted, that the provision made in the will, for the defendant, cannot be set up as a defence.

1. Because he cannot coerce a distribution until the expiration of eighteen months from the probate of the will.

2. Because it is uncertain what his share of the estate will be until the debts are presented. [8 Porter's Rep. 380.]

It is the duty of the court to determine the meaning of a will; especially where, as in this case, it is to be ascertained by its inspection, without reference to extrinsic proof. [1 S. & Por. Rep. 221; 1 Starkie's Ev. 429.]

It cannot be inferred from the will, that the testator intended to release the defendant from the payment of what he was owing him. [2 Wm's on Exr's 810; 2 Johns. Cases, 98; 12 Wendell's Rep. 67.]

R. SAFFOLD, and G. W. GAYLE, for the defendant. The will being silent as to the debt due the testator by the defendant, it may be inferred that its release was intended. But if not released, the provision made for the defendant should prevent a coercion of its payment, and he should be allowed to show the amount of his distributive share, and thus far defeat a recovery. If the plaintiffs were not prejudiced by a reference of the construction of the will to the jury, they cannot complain, though the course of the court may have been irregular. They cited, Toller's Exr's 338; 3 Starkie's Ev. 1013, '14, 1697; Wm's on Exr's 810–11; Roper on Ex'rs 62; 6 Am. Cond. Law Cases, 419; 19 Johns. Rep. 313; 4 Wend. Rep. 449; 12 ib. 67.

COLLIER, C. J.—It is scarcely necessary to inquire whether the defendant could insist upon the provision made for him in the will of his father as a set-off to the action, and *pro tanto*

defeat a recovery.  We however, consider it perfectly clear, that such a defence is not allowable.

1st.  Because his share of his father's estate was not a debt or demand due *in praesenti*, for the recovery of which an action could be maintained, it not being assented to by the plaintiffs, or the time arrived when by the statute it was demandable.

2d.  Because it would disturb the legal course of administration, and possibly, injuriously affect creditors, whose rights are paramount to the beneficiaries under the will.

The material questions are,

1. Was the exposition of the will regularly referred by the court to the jury?

2. Does the will in itself operate a release of the debt owing by the defendant to the testator, to the extent of the interest it confers upon the former?

1. Starkie, in his work on Evidence says, the construction of a written document, is matter of pure law, in all cases where the meaning and intention of the framers, is by law, to be collected from the paper itself.  As in the instances of judicial records, deeds, &c.; but where the meaning is to be judged of by the aid of extrinsic circumstances, the construction is usually a question of fact for the jury.  [1 Vol. 429.]  And such seems to be the result of the adjudged cases on the point.  [3 Phil. Ev. C. & H's ed. 1420.]  In the present case, it appears that the question did not arise upon the construction of the will, in connection with parol evidence, but the court referred it to the jury to say, from a mere inspection of the paper, what was the intention of the testator.  This involved a legal inquiry, which it was the province of the court to determine.  If the law were otherwise, and there were no settled rules by which the meaning of writings could be adjusted, no man could tell with certainty, what terms to employ in his transactions; for the interpretation of one jury might be very different from that which another might give to the same document.

There are, however, cases in which parol evidence is admissible to show the intention of the parties to a written instrument, which is in some measure equivocal.  [Ely v. Adams, 19 Johns. Rep. 313, and cases there cited; 3 Phil. Ev. C. & H's ed. 1420, and cases cited.]  To ascertain when it is admissible, in order to determine the meaning of wills, see 2 Lomax's Ex'rs and Adm'rs

31, 99 and cases cited. It is unnecessary to notice more parti-
cularly, the authorities on this point, and they are only referred to,
that they may be consulted, if in the ulterior progress of the cause,
it should be desired.

2. In respect to the second question, it is laid down, that the
gift of a legacy may be so framed, as to be the release *of a debt;*
but to have this effect, the intention must be clear. Where a credi-
tor bequeaths a legacy to his debtor, and either does not notice
the debt, or mentions it in such a manner, as to leave his inten-
tion doubtful, and after his death the securities for the debt, if
there were any, are found uncancelled among the testator's pro-
perty, the legacy to the debtor, is not considered as necessarily,
or even *prima facie,* a release or extinguishment or the debt; but
it requires evidence clearly expressive of the intention to release.
[2 Lomax's Exr's & Admr's 99; 2 Wm's on Exr's 810.] And
the law is stated in equivalent terms after great consideration in
Clark v. Bogardus, [12 Wend. Rep. 67. See also Williams v.
Crany, 5 Cow. Rep. 368; ib. 246, and 4 Wend. Rep. 449.]

In the case at bar, the testator not only does not mention in his
will, the debt in controversy, but keeps the evidence of it in his
possession uncancelled at his death, and so far as any inference
can be drawn from the manner in which he has dispensed his
bounty, it is adverse to the idea of a release. He very clearly
manifests the intention to distribute his estate equally between all
his children. In addition to the general direction to that effect,
he bequeaths to one of his daughters a sufficiency of property to
place her upon the same footing with the children who had been
previously advanced; and also directs that the shares of two of his
sons shall be subject to a deduction, for money he had expended
in the payment of their debts.

On both the questions considered, the county court erred: its
judgment is consequently reversed, and the cause remanded.