PETER REYNOLDS, Respondent, *v.* ALEXANDER P. ROBINSON et al., Executors, etc., Appellants.

In an action to recover for services rendered to defendants' testator by the wife of plaintiff, who was the adopted daughter of the testator, the defense was that the services were rendered under an agreement that they were to be compensated for by gifts to plaintiff and wife from the testator in his life-time and by legacies in his will; after providing for the payment of debts, a legacy was given to the wife by the will, and one to her daughter, but of less amount than the debt. Defendants offered to prove declarations of the testator, made at the time and to the person who drew the will, that he had made such an agreement and that said legacies were intended as a payment for the services. *Held*, that the evidence was properly excluded, that a legacy implies a bounty, not a payment, and to permit extrinsic evidence of the declarations of the testator thus to change the import of the donative words would be to contradict by oral evidence the legal effect of the instrument and would violate the policy of the statute of wills; that the legal presumption that a legacy from a debtor to a creditor of a sum as great or greater than the amount of the debt was intended as a satisfaction did not apply; first, as the legacies are given "after payment of debts;" second, they were of less amount than the debt; third, the debt was unliquidated; fourth, the legacies are not given to the creditor but to third persons.

Parol evidence of the intention of a testator is not admissible to fortify a legal presumption raised against the apparent intention, or to create a presumption contrary to the apparent intention where no such presumption is raised by law.

(Argued June 15, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover for services alleged to have been performed by plaintiff and his wife in caring for and nursing James Hill, defendants' testator, during his lifetime.

The case, upon a former appeal, is reported in 64 N. Y. 589. The facts, so far as material, are set forth in the opinion.

*Esek Cowen* for appellants. The referee erred in refusing to apply upon the services of plaintiff's wife the sums of money paid out by Mr. Hill in his life-time, and provided by his will for the benefit of the plaintiff and his family. (*Grey* v. *Grey*, 47 N. Y. 552.) The referee also erred in excluding the offer of directions by Hill to his executor Robinson, who was drawing his will, to put in the legacies to plaintiff's wife, as payment for Mrs. Reynolds' services. (*Williams* v. *Crary*, 8 Cow. 246; 4 Wend. 443; *Hine* v. *Hine*, 39 Barb. 507; *Ex parte Hornby*, 2 Bradf. 420; *Stevens* v. *Stevens*, 2 Redf. 265.)

*A. D. Wait* for respondent. Parol evidence to supply, enlarge, vary or contradict the words of the will, or to explain the intention of the testator, was inadmissible. (*Mann* v. *Mann*, 1 Johns. Ch. 231; *Cheney's Case*, 5 Coke, 68; *Cowenhoven* v. *Shaler*, 2 Paige, 122; *Crosby* v. *Wendell*, 6 id. 548.) A direction in the will to pay all debts negatives an intention that the legacies to plaintiff's wife were to be applied toward the testator's debt to her. (*Eaton* v. *Benton*, 2 Hill, 576; *Fort* v. *Gooding*, 9 Barb. 377; *Boughton* v. *Flint*, 74 N. Y. 482; *Robinson* v. *Cushman*, 2 Denio, 150, 154.) The plaintiff was the proper person to bring the action. (64 N. Y. 593.)

ANDREWS, J. In the opinion of the court on the former appeal (64 N. Y. 589), it was declared that when an agreement is made between two parties, that compensation for services rendered by one to the other, shall be made by a provision in the will of the latter, and a provision is made sufficient only to compensate in part for the services, the party rendering them has, after the death of the other, a cause of action against his

representatives for the balance remaining due over and above the testamentary provision. The legacy or provision made by the will in such case is to be taken and applied by the creditor in part payment of the debt. The statement of the rule upon this subject in the opinion referred to was not essential to the decision, as the judgment was reversed for error in the admission of evidence in relation to another matter, but we think that the general principle announced is well founded in reason and authority, and is to be applied, except in cases where the language of the will excludes the inference that the testator intended that the testamentary gift should go in reduction of the debt.

In this case the defendants' testator gave by his will to the plaintiff's wife, who was the testator's adopted daughter, his household furniture, and a pecuniary legacy of $1,500. Also, to plaintiff's daughter, $500. The action is brought for the services of the plaintiff's wife, rendered to the testator after her marriage, and the appellants claim that they were rendered upon an agreement or understanding between the testator and the plaintiff that compensation should be made therefor by gifts from the testator to his daughter and her husband in his life-time and by legacies in his will. The referee, however, found that the services were rendered at the request of the testator, and upon his express promise to pay their value, and refused to find as requested by the appellants that they were rendered upon the agreement or understanding claimed by them, and directed judgment for the value of the services making no allowance and giving no credit for the legacies given by the will.

It is insisted by the appellants' counsel that the agreement that compensation for the services of the plaintiff's wife should be made by gifts and by will was conclusively established, and that the refusal of the referee so to find is legal error. If we were sitting as a court of first instance to find the facts, we should have little doubt, in view of all the circumstances, that the promise to pay for the services of the plaintiff's wife was understood by all the parties as a promise to pay therefor

by a provision in the testator's will. This conclusion, in our judgment, would be most consistent with their acts and conduct, and would not necessarily be in conflict with the terms of the promise proved, interpreted in the light of the attending cir· cumstances. But this court in reviewing the determination of a trial court upon the facts is confined to the inquiry whether there is any evidence to sustain it. We do not pass upon the weight or preponderance of evidence, nor in a case where opposing inferences may be drawn, can it review a finding, because in our judgment the inference deduced by the trial court is improbable, or more unlikely to be true than the opposite one. In view of this well-settled doctrine as to the function and power of this court, in reviewing the facts, we are of opinion that the finding of the referee upon the point in question is conclusive. The nature of the promise to pay for the services, whether it was general and unqualified, or was a promise to pay therefor by a testamentary provision, was not conclusively established by the evidence, and we cannot say, as we must be able to say before we can reverse the finding of the referee, that it is wholly unsupported by evidence.

The only material question of law presented by the record arises upon the exception to the exclusion by the referee of the offer of the appellants to show by the scrivener who drew the will, that at the time it was drawn the testator stated that he had promised Mrs. Reynolds to pay her for her services by will, and directed the insertion of the legacies to Mrs. Reynolds and her daughter, giving as a reason for the instruction that it was to comply with such promise. The offer in substance was to show by the declarations of the testator, made when the will was drawn, that the legacies were intended as a payment for the services in question.

The general rule is that declarations of a testator, before, contemporaneously with, or after. the making of a will, are inadmissible to affect its construction. (1 Redf. on Wills, 538.) In *Mann* v. *Executors of Mann* (1 Johns. Ch. 231), Chancellor KENT said that the rule was well settled that parol evidence cannot be admitted to supply or contradict, enlarge or vary the

words of a will, nor to explain the intention of the testator, except in two cases, viz.: when there is a latent ambiguity arising *dehors* the will as to the person or subject meant to be described, or to rebut a resulting trust. A legacy implies a bounty and not a payment, and to permit extrinsic evidence of the declaration of the testator to change the material import of the donative words would be to contradict by oral evidence the legal effect of the written instrument, and would violate the policy of the statute of wills, "for then," as Lord Chancellor TALBOT said, in *Fowler* v. *Fowler* (3 P. Wms. 353), "the witnesses, and not the testator, would make the will." The law raises, in certain cases, presumptions against the apparent intention of the testator, and one of these presumptions is, that a legacy from a debtor to a creditor of a sum as great or greater than the debt was intended as a satisfaction. (*Chancy's Case*, 1 P. Wms. 408.) So, also, when two legacies substantially alike are given by the same will, a presumption arises that only one legacy was intended. (*Hooley* v. *Hatton*, 1 Bro. C. C. 390.) The courts in these cases have permitted parol evidence to be given in support of the apparent intention of the testator, and to rebut the presumption which the law raises, "for the effect of such testimony is not to show that the testator did not mean what he has said, but, on the contrary, to prove what he has expressed." (Sir JOHN LEACH, in *Hurst* v. *Beach*, 5 Madd. 351; see, also, *Trimmer* v. *Bayne*, 7 Ves. 508.) On the other hand, the recent and best considered authorities seem to establish the rule that parol evidence of the intention of the testator is not admissible to fortify a legal presumption raised against the apparent intention of the testator, except in answer to evidence impeaching it, or to create a presumption contrary to the apparent intention, when no such presumption is raised by law. (*Osborne* v. *Duke of Leeds*, 5 Ves. 369; *Hurst* v. *Beach*, 5 Madd. 351; *Hall* v. *Hill*, 1 Dr. & War. 94; 1 Redf. on Wills, 646, and cases cited.) In this case no presumption arises that the legacies to Mrs. Reynolds and her daughter were intended as a satisfaction of the debt owing by the testator to the plaintiff, for several

reasons: *first,* the legacies are given " after payment of debts; " *second,* they were of less amount than the debt; *third,* the debt was unliquidated ; *fourth* the legacies are not given to the creditor but to a third person. (*Boughton* v. *Flint,* 74 N. Y. 476 ; *Cranmer's Case,* 2 Salk. 508 ; *Graham* v. *Graham,* 1 Ves. Sr. 263 ; *Atkinson* v. *Webb,* 2 Vern. 478 ; *Williams* v. *Crary,* 5 Cow. 368 ; *S. C.,* 4 Wend. 449 ; *Hall* v. *Hill,* 1 Dr. & War. 94 ; *Clarke* v. *Bogardus,* 12 Wend. 67.)

Each of the circumstances mentioned, according to the authorities cited, prevent the presumption that the legacies were intended as a satisfaction. In *Eaton* v. *Benton* (2 Hill, 576), where the declarations of a testator had been admitted for the purpose of showing that he intended that a devise made in his will should satisfy a debt owing by him to his devisee, BRONSON, J., expressed great doubt as to the competency of the evidence, but the point was left undecided. The case of *Phillips* v. *McCombs* (53 N. Y. 494) is a direct adjudication upon the general question, but the reasons for the decision are not stated in the opinion of the court. Our conclusion is that both upon principle and authority the evidence offered was properly rejected.

The case is not one of a transaction *inter vivos* not evidenced by writing which might be either a gift or a payment depending upon intention, in which case the declaration of a party accompanying the act is admissible to explain and characterize it.

These views lead to an affirmance of the judgment.

All concur, except FINCH, J., absent at argument.

Judgment affirmed.