[Howze v. Davis.]

# Howze *v.* Davis.

*Action on Promissory Note.*

1. *Election to take under will.*—Whoever accepts a benefit under a will, must conform to all its provisions, and renounce any right inconsistent with them; he can not claim both under and against the will.

2. *Bequest construed as to forbearance of debt.*—A testamentary provision in these words: " If, at my death, the indebtedness now due me from my nephews, to secure which I have mortgages executed by them, is not paid, I will and direct that my executors shall not force them to pay the same, but that my said nephews shall have three years in which to pay said balance—that is, one-third of said balance to be paid at the end of one year after my death, one-third at the end of two years, and the other at the end of the third year,"—is not a bequest of absolute forbearance for three years, but of partial and qualified forbearance, conditioned on the payment of one-third of the debt each year.

3. *Rights of creditors, as against legatees.*—As against the claims of creditors, a testator can not donate property, nor forgive a debt, nor forbear its collection, so as to postpone or delay them beyond the time prescribed by the statute; but, as regards the legatees themselves, he has the right of absolute disposal—he may fix the time when legacies shall be payable, or burden them with charges, may release a debtor, or direct forbearance in the collection of the debt.

4. *Set-off by legatees, in action by executor.*—When the executor has not assented to a legacy, or when the time has not arrived at which by law it becomes payable, or the circumstances do not exist on the occurrence of which it becomes payable, the legatee can not set off the pecuniary provision made for him by the will, against an action by the executor for money due to the testator's estate.

5. *Remedies of legatee, legal and equitable.*—Whether an executor, disregarding the provisions of the will as to forbearance to a debtor, and bringing a premature and unnecessary suit against him, should be compelled to observe the provisions of the will, can not be litigated in the action at law, but depends, as in analogous cases in which he may be compelled to assent to a legacy, on the condition of the estate and other circumstances, which can only be determined in a court of equity.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

This action was brought by A. C. Howze, as the administrator *cum test. ann.* of Thaddeus D. Jones, deceased, against Nathaniel J. and Albert F. Davis, but was discontinued as to the latter defendant, who was not served with process; and was founded on the defendants' promissory note for $791.20, dated March 16th, 1882, and payable to said testator on the 1st January, 1883, with interest from date.    The will of said testator was dated March 18th, 1881, and was duly proved and admitted to probate on the 13th May, 1882; and this action was commenced on the 25th February, 1884.    The defendant pleaded

[Howze v. Davis.]

the general issue, and a special plea which stated the facts under which the note was executed, and alleged that the action was brought within less than two years after the death of the testator, in violation of a provision in his will " that these defendants should have three years after his death, within which to pay said debts, in equal annual installments." The court overruled a demurrer to this special plea, and the cause was tried on issue joined on both of the pleas.

On the trial, as the bill of exceptions shows, the plaintiff having read in evidence the note declared on, the defendant then offered in evidence the probated will of said testator, containing the provision set up in the special plea, which is copied in the opinion of the court; and he then offered in evidence the mortgage executed by himself and said A. F. Davis to the testator, which was dated March 16th, 1882, and was given to secure the payment of the note here sued on. He further proved that the tract of land conveyed by said mortgage was bought by him and said A. F. Davis from the testator, in March, 1877, at an agreed price, and for which they executed to the testator their three promissory notes, and he executed to them his bond conditioned to make titles on payment of the notes; that a partial payment was made on these notes, and the note now sued on was given " in settlement and extension of the balance remaining unpaid, and said mortgage was given to secure the same;" also, that the testator had no mortgage to secure said three notes, and had no mortgage executed by Hugh Davis or N. J. Davis, who were also indebted to him for lands bought on the 18th March, 1881. " This being substantially all the evidence," the plaintiff asked the court to instruct the jury, that if they believed the evidence they must find for the plaintiff, for the amount due on the note with interest. The court refused to give this charge, and the plaintiff excepted to its refusal; and he thereupon took a nonsuit.

The overruling of the demurrer to the special plea, and the refusal of the charge asked, are now assigned as error.

WM. M. BROOKS, for the appellant, cited 1 Jarman on Wills, 797; *Glenn v. Fisher*, 5 John. Ch. 35; *Finley v. Hunter*, 2 Strob. Eq. 212; *Thomas v. Kelly*, 16 Amer. Rep. 716.

CLOPTON, J.—The sole question presented by the record is the construction of the following clause in the will of the plaintiff's testator: "If, at my death, the indebtedness now due me from my nephews, M. C. Marshall and J. A. Marshall, Charles O. Jones, Hugh Davis, Albert F. Davis, and Nat. J. Davis, to secure which I have mortgages executed by them, is not paid, I will and direct my executors shall not force them to

pay the same; but my will and directions are, that my said nephews shall have three years to pay said balance—that is, one-third of said balance to be paid at the end of one year after my death, one-third at the end of two years, and the other at the end of the third year."

Words, not sufficient in a deed, may often create a condition in a will. No precise form of words is necessary. Whatever words may be employed, whenever the intent of the testator to ˉcreate a condition clearly appears from them, interpreted, when permissible, by the surrounding circumstances, that intent shall prevail.—*Taft v. Morse*, 4 Met. 523; *Finley v. King*, 3 Pet. 346; Wms. on Exr's, 1258; Tied. on Real Prop. § 272. By keeping in view the nature of the bequest, a more satisfactory conclusion as to the intent of the testator will be arrived at.

The clause in the will of the plaintiff's testator is not technically a legacy; no estate, no right to any property, is thereby vested. It is a bequest of forbearance of a debt. The will was made March 18, 1881. At that time, the defendant was indebted to the testator for a balance of the purchase-money of land, which was then past-due The testator, anticipating that, by his death, the indebtedness of his nephews might pass under the control of a legal representative, and desiring to relieve them from embarrassment in such event, provided for the easy payment of the indebtedness by annual installments after his death. The general provision, that his nephews shall have three years after his death in which to pay their indebtedness, is qualified by the special words: "*that is, one-third of said balance to be paid at the end of one year after my death, one-third at the end of two years, and the other at the end of the third year.*" These qualifying and restrictive words clearly evidence, that it was not the intention of the testator to extend the entire indebtedness for three years, or that his nephews should have the right to compel this result. Unless the payment of one-third of the sum of the indebtedness, as specified in the will, is held to be a condition, the nephews can, at their will, secure an extension of the entire indebtedness for three years, contrary to the evident intent of the testator.

When a testator makes a bequest to another, with the requirement that he should do a particular thing, or pay a sum of money, this generally makes a good condition. A devise of land to another, *ad faciendum* or *eo intentione*, that he should do a particular thing, or *ad solvendum*, creates a condition. And generally, when a testator requires a thing to be done, and provides no security for its performance, the provision will be held to amount to a condition, to prevent a failure of his purpose. 2 Jar. on Wills, 5 (*n*). If a testator, by his testament, forgives

a debt due from another, with the provision that he is to pay a smaller sum within a specified time, it will scarcely be controverted, that the payment of such sum within the time is a condition to be performed, before the bequest will operate as an extinguishment of the debt. The requirement of the payment of one-third of the indebtedness at the end of each, the first and second years, is the controlling stipulation, upon which the enjoyment of the bequest is to take effect or be retained.

Whoever "accepts a benefit under a will, must conform to all its provisions, and renounce any right inconsistent with them."—*Glenn v. Fisher*, 5 John. Ch. 35. The annual payment of one-third of the debt is a substantial part of the bequest— of the essence of the extension. To allow to the defendant exemption from suit *on the note* for three years, without paying, or offering to pay, one-third thereof at the end of the first year after the testator's death, will be to allow him to disappoint a will, under which he claims a benefit, which, it has been said, no man shall be allowed to do. The defendant can not be permitted to enjoy the bounty of the testator, without conforming to the provisions of the bequest, and without complying with the terms on which it is bestowed.

We have considered the question presented, on the concession that this provision of the will may, under proper circumstances, be set up as a defense to an action at law by the legal representative. As against creditors, a testator can not donate property, forgive a debt, or forbear its collection, so as to postpone or delay them beyond the time provided by the statutes. But, as to legatees, he has the right of absolute disposal—he may determine the time when legacies shall be payable; he may burden them with charges; he may release a debtor, and direct forbearance in the collection of debts due him.

A legatee, whose legacy has not been assented to, or when the time has not arrived, nor the circumstances exist, when by law it becomes payable, can not set off the pecuniary provision made for him by the will against an action at law by the executor for the recovery of money due to the testator.—*Sorrelle v. Sorrelle*, 5 Ala. 245. Without due assent of the executor to a legacy, a legatee can not maintain an action at law to recover a legacy. Whether an executor should be compelled to observe directions, such as are contained in the clause of the will under consideration, depends upon the existence of the same circumstances, and condition of the estate, that make it his duty to assent to a legacy—his refusal a violation of his trust. Analogous rules may be found in those cases in which a court of equity will compel an executor to assent to a legacy.

The unbending and restricted forms of proceeding in a court of law are inadequate to the determination of the questions and

[Crosby v. Pridgen.]

issues that may arise. If the plaintiff is disregarding, without sufficient cause, the directions of the will ; if he is embarrassing and harassing the defendant, by a premature and unnecessary suit, the defendant must seek relief, if entitled to any, in a forum whose modes of proceeding may be adapted to the protection of the rights of all persons interested.

Reversed and remanded.