Deichman v. Arndt.

ABRAHAM S. DEICHMAN, executor of Ann Arndt, deceased,

*v.*

J. FRANK ARNDT et al.

1. When a legacy is given to a creditor of the testatrix equal to or exceed-
ing the amount of the debt, the presumption is that it was intended to be a
discharge of the debt; but slight circumstances, such as a direction to pay
debts, or any inequality between the gift and the debt, or imposition of any
condition unfavorable to the creditor, or any want of similitude between the
gift and the debt, will be laid hold of to overcome the presumption.

2. The gift of goods and chattels of uncertain value will not be regarded
as having been intended to satisfy the debt.

3. Nor will the devise of land be presumed to have been made in discharge
of a bond secured by a mortgage on lands devised.

On bill and answer.

*Mr. Charles A. Fitch,* for the complainant.

*Mr. William M. Davis,* for the defendant.

BIRD, V. C.

By the bill in this case the complainant asks the aid of the
court in determining the true construction of the last will of Ann
Arndt, deceased, and consequently the rights of the legatees and
devisees under said will.

Deichman v. Arndt.

At the time of her death and of the making of her will she was the owner of a lot of land with a dwelling thereon, in which she resided. Before the making of her will she gave a bond to William M. Davis, the guardian of Harry King Arndt, one of her infant children, conditioned for the payment of $500, with interest; to secure this bond she gave a mortgage upon said house and lot. By her will she devises this house and lot to her son Harry in the following language:

"I give to my son Harry King Arndt, absolutely, to be held in trust however by my executor hereinafter named, the dwelling-house and lot wherein I now reside, situate on Main street, in Phillipsburg, N. J., until he arrives at the age of twenty-one (21) years; my executor to rent the same, collect the rent, pay all taxes, insurance, services and repairs, and the balance remaining to be used for the support and maintenance of my son Harry King Arndt hereinbefore named."

Two questions are presented in the bill for consideration, viz.: Is the devise to be regarded as a payment and discharge of the bond, and is the gift to Harry an absolute fee? In this case the testatrix in clear language directs that all of her debts be paid as soon as conveniently can be after her decease. She makes disposition of her personal estate, including bank stock, giving a portion thereof to her daughter, a portion to another son, and a portion to the said Harry. The division of this personal property is not equal, but the extent of inequality is not made apparent. She first gives to her daughter certain household furniture, and in the second place to her son Frank certain household furniture, and in the third place makes the devise of the house and lot to Harry. She then provides for the protection of her cemetery lot, and gives the three children all of her silverware. Immediately after this she directs her executor to sell "the balance of my household effects," and to divide the proceeds thereof between her three children, directing him, however, to hold the share of Harry until he arrives at the age of twenty-one years. Then she directs her executors to collect the dividends of her nineteen shares of bank stock and to pay the same towards the support and maintenance of Harry until he arrives at the age of twenty-one years, at which last-mentioned

date he is authorized to sell the said stock and divide the proceeds between her three children; notwithstanding this last provision, she authorizes her executor to sell all the said shares of · bank stock at such time or times as he shall think fit, and to invest the proceeds, and pay the interest thereof for the support and maintenance of her son Harry until he arrives at the age of twenty-one years. She then directs that the residue of her estate—

"consisting principally of bonds and mortgages and notes, money and stock, should be divided equally between my three children, share and share alike, my executor, however, retaining that portion falling to my son Harry King Arndt until he arrives at the age of twenty-one years."

From this it appears that the testatrix was indebted to the guardian of her son in the sum of $500; that she made her said son both devisee and legatee, imposing a condition upon the devise that the executor should receive the rents and profits until the son arrives at the age of twenty-one years for his support and maintenance, and a like condition upon the gift of the legacy; and that as the matter stands both the devise and the legacy are of uncertain value.

Where there is nothing to show a contrary intention upon the part of the testator, and he directs the payment of his debts, the gift of a legacy is never presumed to have been given for the purpose of discharging a debt due from the testator to the legatee. *Van Riper* v. *Van Riper, 1 Gr. Ch. 1; Heisler* v. *Sharp, 17 Stew. Eq. 167; Rusling* v. *Rusling, Exr., 15 Stew. Eq. 594; Chancey's Case, 1 P. Wms. 408, 410; S. C., 2 Lead. Cas. Eq. 752, notes 820; Reynolds* v. *Robinson et al., 82 N. Y. 103; Boughton* v. *Flint, 74 N. Y. 477; In re Huish, L. R , 43 Ch. Div. 260.*

The courts so little favor the discharge of debts by legacies that they have uniformly laid hold of slight circumstances to overcome the presumption that payment was intended, independently of the direction to pay debts. Hence, when the gift has been of land or of goods and chattels, or upon conditions unfavorable to the donee when compared with the present dis-

charge of the debt, the payment of both has been required. *2*
*Lead. Cas. Eq. 821.* "Money and land being things of a dif-
ferent kind, the one though of greater value, shall never be taken
in satisfaction of the other unless so expressed." "Whatever is
given by a will is *prima facie* to be intended a benevolence."
*Eastwood* v. *Vinke, 2 P. Wms. 613, 616.* In this case the
court remarked: "But though the court has gone so far, it
never yet construed a devise of land to be a satisfaction for a
debt of money." In *Bryant* v. *Hunter, 3 Wash. C. C. 48,*
Washington, J., says: "The general rule is, that a devise of
land is not a satisfaction or part performance of an agreement to
pay money." See, also, *Eaton* v. *Benton, 2 Hill 576, 580.* The
bond in this case being for the payment of money and the gift
being land, the construction must necessarily be controlled by
the cases cited. It can make no difference that the payment of
the bond was secured by mortgage on the land devised.

It cannot be doubted but that the gifts of goods and chattels
and proceeds of bank stock and residue by the testatrix to her
son Harry are alike subject to the same conditions that govern
with respect to the devise of land. According to all of the cases
there is no similitude whatever between those gifts and the obli-
gation which the testatrix had directed her executor to pay.

I have not thought it necessary to put any stress upon the fact
that both the bond and the mortgage were given to the guardian
of the devisee and legatee.

It has been suggested that if this bond be paid to the guardian
of Harry, Harry's proportion of the estate of the testatrix will
be much larger than the portion received by his brother and
sister. This would be an important consideration if it were the
duty of courts to construe wills so as to make an equal disposi-
tion of the estate disposed of thereby among legatees and
devisees, irrespective of the directions of the will. There is
nothing in this will to give any certain assurance to the court
that the testatrix intended to make an equal disposition of her
estate amongst her children. If there be any inequality in the
value of the gifts, the testatrix may have had very good reason

therefor; but whether she had or not, she had a lawful right to make any distinction she chose.

This bond must be first paid out of the personal estate as other debts, before the payment of any of the legacies.

The next question presented for consideration is, whether or not the interest devised to Harry be less than the fee simple absolute. When the sentence making the devise to Harry is read, if there be any doubt as to the extent of the interest devised, such doubt will be dissipated upon careful reflection. The testatrix first declares that she gives him the premises absolutely, but afterwards gives such directions as at first view would seem to have been intended as a qualification to the extent of limiting his interest to the rents and profits until he arrives at the age of twenty-one years. But when this sentence and this apparent qualification are read in connection with the succeeding clauses in the will, by which gifts are made to Harry, the doubt is removed. She ordered the silver to be divided between her three children, but Harry's interest in other personal property and in the bank stock and in the residue of the personal property is to be retained by the executor, and the interest and dividends paid to Harry until he arrives at the age of twenty-one years, when he is entitled to the possession of the principal.

From the control given to the executor over the interest of Harry until he arrives at the age of twenty-one years, the testatrix, in all probability, intended to provide against the necessity of appointing a guardian for him. In my judgment, the fee simple absolute vested in Harry.