MARCIA A. DECKER, Appellant, *v.* THE HIGH STREET METHODIST EPISCOPAL CHURCH of Binghamton, N. Y., and HOME FOR AGED WOMEN OF THE CITY OF BINGHAMTON, N. Y., Respondents, and CORA I. NIXON and Others, Infants, by FRANK B. NEWELL, their Guardian ad Litem, Appellants, Impleaded with Others.

*Will — a gift in trust for the life of a beneficiary, to whom a power of disposition is given, with a wish that he designate two corporations — effect of the death of the beneficiary before that of the testatrix.*

A testatrix provided by her will as follows : "I give, devise and bequeath to my executor hereinafter named, all my property, of every name and kind, in trust, to support and maintain my husband, Thomas D. Taylor, for and during the term of his natural life, and in a comfortable and proper manner. *Second*, on his death whatever may remain is to go to such charitable or religious purposes as he may direct by will; but it is my wish that one-half should go to The High Street M. E. Church, and one-half to the Old Ladies' Home of Binghamton, N. Y., located at Fairview."

The husband died after the will was made and before his wife.

*Held*, that, there being no exercise of the power of appointment by the husband, the property passed to the church and home mentioned in the will.

APPEAL by the plaintiff, Marcia A. Decker, and by the defendants, Cora I. Nixon and others, infants, by Frank B. Newell, their guardian *ad litem*, from an interlocutory judgment of the Supreme Court in favor of the defendants, The High Street Methodist Episcopal Church of Binghamton, N. Y., and another, entered in the office of the clerk of the county of Broome on the 16th day of August, 1897, sustaining their demurrer to the complaint.

*B. S. Curran*, for the plaintiff, appellant.

*F. A. Darrow*, for Cora I. Nixon and others, appellants.

*W. J. Welsh* and *Frank M. Hays*, for the respondents.

MERWIN, J.:

The plaintiff, as one of the heirs at law of Anna L. Taylor, deceased, brought this action to obtain the partition or sale of certain real estate owned by said decedent at the time of her death on the 7th of December, 1893. In the complaint it is alleged that the decedent left a last will and testament, which had been duly admitted

to probate, and that the executor therein named has duly qualified as such executor, and is acting as such. The will is set out in full. It bears date August 23, 1883, and, aside from the formal parts, is as follows:

"*First.* After all my lawful debts are paid and discharged, I give, devise and bequeath to my executor hereinafter named, all my property, of every name and kind, in trust, to support and maintain my husband, Thomas D. Taylor, for and during the term of his natural life, and in a comfortable and proper manner. *Second.* On his death, whatever may remain is to go to such charitable or religious purposes as he may direct by will; but it is my wish that one-half should go to The High Street M. E. Church, and one-half to the Old Ladies' Home of Binghamton, N. Y., located at Fairview. *Third.* My executor is authorized to sell and convey my property, but the avails are to be used as above stated. Likewise, I make, constitute and appoint William H. Mosher to be executor of this, my last will and testament, hereby revoking all former wills by me made."

It is also alleged in the complaint that Thomas D. Taylor, the husband of the decedent, died intestate after the making of the will, and before the death of his wife; that said Anna L. Taylor died intestate as to the real estate described in the complaint, and the same descended to her heirs at law; that the heirs at law of the decedent are her sisters, the plaintiff and the defendant Sarah M. Curtis, and the descendants of a brother, the same being named in detail, and their proportionate shares stated; that the High Street Methodist Episcopal Church of Binghamton, N. Y., is a religious corporation duly incorporated according to the laws of this State, and the defendants Barton and others are the trustees of the corporation; that the Home for Aged Women of the City of Binghamton, N. Y., is a corporation duly incorporated according to the laws of this State, and that said church and said home claim some interest in the real estate.

The defendants the High Street Methodist Episcopal Church and the Home for Aged Women demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The claim of the plaintiff is that the provisions of the will of Mrs. Taylor are not sufficient to constitute an operative disposition of the property to the church and the home, and that, therefore, as the power of appointment failed, there was intestacy and a cause of action in the plaintiff as an heir at law for partition.

It is not claimed that the church and the home have not capacity to take, or that there is any question about their identity with the defendants the High Street Methodist Episcopal Church of Binghamton, N. Y., and the Home for Aged Women of the City of Binghamton, Broome County, N. Y.

The death of Mr. Taylor before that of the testatrix and without executing the power of appointment did not necessarily render ineffectual any ulterior disposition of the property. (*McLean* v. *Freeman*, 70 N. Y. 81 ; *Crozier* v. *Bray*, 120 id. 366 ; 2 Jarm. Wills [5th ed.], § 828.) In the *McLean* case the rule is stated as follows : " An ulterior devise to take effect upon the defeasance of a former devise will take effect as well when the failure of the primary devise is by the happening of some event, such as the death of the devisee during the lifetime of the testator, as by an event occurring after his death, by which the first devise, after it has taken effect, is defeated unless the ulterior devise is so connected with and dependent upon the primary one that it cannot consistently with the provisions of the will have effect if the latter fails *ab initio.*" In that case (at p. 87) Judge ALLEN says : " A testator is presumed to calculate on the dispositions of his will taking effect, and hence several and succeeding gifts of the same fund or property will be considered as intended to take effect in their proper order, each object of the testator's bounty to take upon the failure of the prior dispositions, either *ab initio* or at any time before it becomes indefeasible in the donee." The theory is that there is a necessary implication that the testator, in case of the prior gift failing altogether for want of an object, meant the ulterior gift to take effect. (1 Jarm. Wills [5th ed.], § 828.)

The " wish " of the testator, as expressed in the will, was sufficient, standing alone, to constitute an effectual bequest. (*Phillips* v. *Phillips*, 112 N. Y. 197, 202.) Was its accomplishment made dependent upon the execution of the power of appointment? It may be that the testatrix intended that, if the husband executed the

power, his direction should control. The power, however, was restricted to charitable or religious purposes. An absolute disposition to those purposes was intended. She definitely expressed her wish, and it is quite manifest that she meant to have her wish or will carried out unless her husband directed differently. The failure on his part to make any direction left her wish unconditional and in full force.

Effect is to be given to the intent of a testator, irrespective of the particular phraseology of the will, when not repugnant to the terms of the instrument. (*McLean* v. *Freeman*, 70 N. Y. 88.) "Although a gift by express terms is not made in a will, a legacy by implication may be upheld where the words of the will leave no doubt of the testator's intent, and can have no other reasonable interpretation." (*Matter of Vowers*, 113 N. Y. 569.) "The law favors a construction of a will which will prevent partial intestacy." (*Schult* v. *Moll*, 132 N. Y. 122.) A gift over upon failure of an appointment is sometimes implied in favor of those intended to be benefited by the appointment. (1 Jarm. Wills, § 551; 29 Am. & Eng. Ency. of Law, 393.)

These considerations lead to the conclusion that, in order to carry out the manifest intention of the testatrix, the will should be construed to mean that, in default of an appointment, the property was given to the church and the home. The judgment should, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs, with leave to amend within twenty days on payment of the costs of the demurrer and of this appeal.