In the Matter of the Application for a Judicial Construction of the Last Will and Testament of FRANK BLANCH, Deceased.

Surrogate's Court, Clinton County, February 1, 1926.

Wills — construction — clause in will by which testator gave legacy to fiancée not cut down by subsequent clause reciting that out of said legacy beneficiary was not to withdraw more than fifteen dollars monthly — bequest absolute in absence of language showing contrary intention — word " want " as used in will means " desire "— legacy does not create trust fund — legacy deemed not to operate in payment of claims against estate.

A bequest in testator's will by which he gave $2,000 to his *fiancée* together with any household goods or clothing or jewelry which she cared to take is absolute and is in no wise limited by the terms of another paragraph of said will reciting that " out of $2,000 I want my intended wife   *   *   *   not to withdraw more than at the rate of $15 per month " with certain exceptions. Nor does the 2d paragraph create a trust fund of the legacy for there is an absence of language showing an intention by the testator to so dispose of his estate.

The word " want " as used in the 2d paragraph of said will means " desire " and was not used in a mandatory sense but in a precatory sense.

The legacy to testator's *fiancée* does not operate as a payment of any claims she may have against his estate, since from the language of the will, no intent can be implied that the gift was made for that purpose, and there is no competent evidence to show that intent.

PROCEEDING for the construction of a will.

*Victor F. Boire*, for Adrianne Bouzey, petitioner.

*Feinberg & Jerry*, for the executors.

HARRINGTON, S.   The paragraphs of the will material to this proceeding are as follows:

(1) " This is my first and Last Will and Testiment to bequote as I hereunder have described.   I bequote to my intended wife — Andrianne Bouzey, fon Antonio Two Thousand Dollars ($2000.00) — I bequote to my intended wife Andrianne Bouzey, fon Antonio any household goods or clothing or jewelry that she may wish to take.

(2) " Out of the Two Thousand Dollars — I want my intended wife Andrianne Bouzey fon Antonio not to withdraw more than at the rate of fifteen dollars per month except if she should need more on account of sickness and sickness to be vouched for by a Doctor and Chief of Police of the Town, both together.

(3) " I bequote two hundred dollars to St. Bernard Roman Catholic Church of Lyon Mt., N. Y.— for this sum with interest added if any — I want one low Mass said for the repose of my soul each month and one High Mass sung for the repose of my soul on the anniversary of my date of death.

Surrogate's Court, Clinton County, February, 1926.    [Vol. 126.

(4) " I figure now at this writing that I have deposited in First Natl. Bank, Plattsburg, N. Y. four thousand fifty dollars & 84/100 after subtracting the Twenty two hundred dollars as bequoted above — leaving a balance of Eighteen hundred fifty dollars and 84/100 $1850.84 & Interest. This Eighteen hundred fifty dollars and 84/100 with Interest I bequote as follows — * * *

(11) " I want my Estate to pay Amos Dual suppose to live at Chateaugay, N. Y. One hundred dollars.

(12) " If I did not leave enough to pay all my expense deduct evenly on percentage basis from the amounts bequote to my brother Dominick children — his wife Stella and from my father's bequotation.

(13) " I appoint or request that Mr. C. S. Johnson Pres. First Natl. Bank, Plattsburg, N. Y.— Jerry Blanch & Dominick Blanch my Brothers be Administrators of my Estate."

In the original will the above paragraphs were not numbered. This has been done by the court for the purpose of reference. Paragraphs (5) to (10) inclusive made certain bequests which are not questioned in this proceeding.

In this proceeding the court is asked to decide whether the bequest of $2,000 in paragraph (1) is limited or cut down by the terms of paragraph (2); also whether the bequest to the testator's intended wife is in lieu of any claims that she may have against his estate.

No evidence has been offered as to any facts or circumstances from which the intent of the testator can be implied. In such cases the rule for giving effect to the testator's intention as expressed in the will is well stated in *Matter of Silsby* (229 N. Y. 396, 402), as follows: " It was said by Judge POUND, now of this court, in *Baker* v. *Gerow* (126 N. Y. Supp. 277): · ' In construing a will it has been repeatedly held that the object of the courts is to ascertain, not the intention simply, but the expressed intention, of the testator, *i. e.*, the intention which the will itself, either expressly or by implication, declares. In other words, it is the duty of the court to ascertain the intention of the testator from the words he has used, and to ascertain and give effect to the legal consequences of that intention when ascertained.' "

The bequest in paragraph (1) of $2,000 is absolute in its terms. Paragraph (2) purports to limit it. Hence, the primary rule of construction applicable to this case is that where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause nor by any subsequent words which are not as clear and decisive as the words giving the estate.

(*Banzer* v. *Banzer*, 156 N. Y. 429, 435; *Adams* v. *Massey*, 184 id. 62, 69; *Tillman* v. *Ogren*, 227 id. 495, 505; *Matter of Barney*, 207 App. Div. 25, 28; affd., upon opinion below, 239 N. Y. 584; *Weber* v. *Kress*, 198 App. Div. 687; *Ottman* v. *Allter*, 212 id. 80, 83; *Sands* v. *Waldo*, 100 Misc. 288; *Matter of Fort*, 126 id. 28.) The reason for the rule is well stated in *Tillman* v. *Ogren* (*supra*) at page 504 of the opinion, in which the court states as follows: " An absolute estate is repugnant as a matter of fact to a gift over to a third person. It is because of such repugnance in fact that an apparently absolute estate cannot be cut down or qualified unless the intention is clear and definite."

Unquestionably, the word " want " in paragraph (2) above means " desire." This is the usual way in which this word is interpreted, and it is so defined in Webster's Dictionary. But to say that " want " means the same as " desire " does not solve the problem presented, for there are apparently as many cases of record which give a mandatory effect to the word " desire " as there are those which do not. This has occurred sometimes because of the language of the will as a whole, and again because of extrinsic evidence of certain facts and circumstances from which the court was able to ascertain the true intention of the testator. Each case must be decided upon the particular facts therein for seldom, if ever, do we find two wills alike. Counsel for the executors argue that it was the intent of the testator to create for his intended wife a trust fund of $2,000 from which she was to receive $15 per month, except upon the occurrence of the circumstances mentioned in paragraph (2), when she might receive more. A similar argument was presented in *Clay* v. *Wood* (153 N. Y. 134), wherein a trust was sought to be imposed upon an absolute bequest to the testator's wife. At page 139 of the opinion the court stated: " If, however, the conclusion must be reached that the testator intended an absolute gift to his wife of his real and personal property, carrying with it an absolute right of disposal, then it will become unnecessary for us to consider questions of trust or of power in trust; for the existence of an absolute and beneficial estate in fee in the widow would be equally destructive of the claim of a trust, or of the claim of an imperative trust power."

So in this case we cannot decide that paragraph (2) of the will creates a trust fund of the legacy of $2,000, as above mentioned, unless the language of the same is as clear and decisive as the paragraph which makes the gift absolute, and unless said paragraph raises no doubt as to the meaning or application of the same. Does paragraph (2) meet the test prescribed by this general rule of construction, in order to limit the absolute bequest in para-

Surrogate's Court, Clinton County, February, 1926.　　　[Vol. 126

graph (1)? I do not think so. It is to be noted in paragraph (2) that the " need " of the legatee for more than $15 per month is not to be vouched for by any one except herself; it is only her " sickness " that is to be vouched for by others as therein mentioned. Again, it is the legatee who is to " withdraw " said sums and not someone else for her. No provision is made for a gift over of the remainder of said sum, if any, existing at the date of the death of the legatee; this, in connection with paragraph (4) in which the testator states the extent of his cash in the bank after " subtracting " the sums previously bequeathed, indicates at least a possibility that testator believed he had disposed of said previous sums by absolute gifts. It must be presumed that the testator intended to effectually dispose of all of his estate and not have any of it vest according to the laws of intestacy. If intended as a trust fund, nothing is said as to the disposition of the income thereon. Furthermore, it is to be noted that in paragraph (3) he used the word " want " again with respect to certain masses for the repose of his soul, after bequeathing $200 to his church. I doubt if it would be argued that this bequest to the church was made upon condition that said masses be offered. It is an absolute bequest to the church, but with the expressed desire that said masses be offered. In paragraphs (2) and (3) the word " want " in each case follows an absolute bequest. Whether in fact the testator used the word " want " in paragraph (2) in the same sense as he used it in paragraph (3) cannot of course be ascertained, because we have nothing to indicate such an intent except the language of the will. However, as it seems apparent that the word " want " in paragraph (3) is not used in a mandatory sense, it seems very possible that the word " want " used in the previous paragraph was also not used in a mandatory sense. In other words, it is at least doubtful whether the testator intended the word " want " in paragraph (2) to have a mandatory effect. I, therefore, believe that the word " want " in paragraph (2) must be construed to mean the same as the word " want " in paragraph (3), that is, as a mere request and not as a positive direction. In any event, the language of paragraph (2) is not as clear and decisive as paragraph (1) which makes the gift absolute, and is not free from doubt, and being such, cannot cut down the absolute bequest which precedes it. The rule to be applied in such a case is well stated in *Adams* v. *Massey* (184 N. Y. 62, 69, 70) as follows: " If there is no doubt as to the meaning of the earlier clause, while there is doubt as to the meaning of the later, so that either of two constructions is possible, that construction will be adopted which will give effect to both. * * * An express limitation cannot

be cut down by a clause of doubtful meaning." There is no doubt as to the absolute bequest in paragraph (1). There is doubt for the above-mentioned reasons as to the meaning and effect of paragraph (2). Hence, we must give full effect to paragraph (1) without limiting it in any way by paragraph (2). The bequest of $2,000 in paragraph (1) must, therefore, be held to be absolute and in no wise limited by paragraph (2).

In so holding I am not unmindful of the rule of construction which requires that the language of the whole will be considered for the purpose of determining the intent of the testator, and that effect be given to every word and clause therein, if possible. Such rule of construction, however, is subordinate to the primary rule of construction applicable to this case that an absolute bequest cannot be cut down or limited by subsequent words unless they are clear and decisive and free from any doubt as to their meaning. In other words, it seems only logical to say that there is an order of priority for applying the various rules of construction, and when so applied effect is given to all of them. Nor are these rules of construction applied to this case to be given any different effect because of the fact that the will in the case at bar was prepared for testator by a layman; we must determine the intent of testator from the language used, and after considering all of paragraph (2) in connection with paragraph (3), the meaning of the former is so doubtful that the absolute gift in paragraph (1) cannot be limited thereon.

It is true that testator also used the word " want " in paragraph (11) in making a bequest to Amos Dual; but this bequest stands alone, so that the rule of construction heretofore mentioned is not applicable. Here, it is apparent that the word " want " is used in a mandatory sense. It is used in the same sense as the word " desire " was used in *Matter of Golicki* (116 Misc. 100, 102), in which the word " desire " was held to be mandatory. Also in *Phillips* v. *Phillips* (112 N. Y. 197, 202) the court indicates how the word " wish " may sometimes be mandatory, as follows: " But the word ' wish ' used by a testator is often equivalent to a command. If in this will he had said, I wish all my property to go to my wife, and naming her as executrix, had ended his will, neither she nor we would have questioned that the devise was effectual."

The following are some of the many cases where the word " desire " has been held sufficient to constitute an absolute gift: *Phillips* v. *Phillips* (*supra*); *Collister* v. *Fassitt* (163 N. Y. 281); *Decker* v. *High Street M. E. Church* (27 App. Div. 408); *Turrill* v. *Davenport* (173 id. 543); *Matter of Golicki* (*supra*); *Matter of Daintrey* (125 Misc. 369). I have carefully considered these

cases and I believe the facts in each case are distinguishable from those in the case at bar. In the following cases the precatory words used were not given a mandatory effect: *Foose* v. *Whitmore* (82 N. Y. 405); *Clay* v. *Wood* (*supra*); *Post* v. *Moore* (181 N. Y. 15); *Tillman* v. *Ogren* (*supra*); *Matter of Barney* (*supra*); *Sands* v. *Waldo* (100 Misc. 288). I believe the decision reached in the case at bar is in harmony with these latter cases.

Does the legacy to testator's intended wife operate as a payment of any claims that she may have against his estate? When a will provides that a bequest therein is in satisfaction of a debt of the testator to the legatee, then acceptance of the same will operate as a payment of the debt. (*Matter of Schuster*, 123 Misc. 314.) The will in question does not declare that the bequest is in satisfaction of any claims which the legatee may have against testator's estate. There is nothing in the will from which an intent can be implied that the legacy was in satisfaction of any such claims. The intention of the testator must of course prevail in such matter, if the same can be ascertained. In this case there is nothing before the court, except the will itself, from which the intent of the testator can be inferred. A legacy implies a bounty and not a payment. (*Reynolds* v. *Robinson,* 82 N. Y. 103, 107; *Matter of Dailey,* 43 Misc. 552, 558; *Matter of Marshall,* 119 id. 407, 410.) I, therefore, decide that on the information before the court the legacy to testator's intended wife is not in satisfaction of any claims which she may have against his estate. (*Sheldon* v. *Sheldon,* 133 N. Y. 1, 4; *Reynolds* v. *Robinson, supra; Matter of Arnton,* 106 App. Div. 326; *Matter of Marshall, supra.*)

There is a presumption that a legacy from a debtor to a creditor of a sum as great or greater than the debt was intended as a satisfaction of the debt. This is a mere rule of construction and yields to the actual intention of the testator when the same can be ascertained. There are many exceptions to this rule of construction, some of which are mentioned in *Reynolds* v. *Robinson* (*supra,* at pp. 107, 108 of the opinion). (*Newcomb* v. *LaRoe,* 160 App. Div. 819, 829; affd., without opinion, 218 N. Y. 682; *Matter of Schuster, supra.*) There is nothing before the court to indicate the nature or amount of any claims which testator's intended wife may have against his estate. It may be that some competent evidence can be given which would indicate that the legacy was intended to be in satisfaction of any debts which the legatee has against this estate. But without such evidence, and referring to the language of the will only, there is nothing to indicate that the legacy is in satisfaction of any such claims.