JOHN L. PHILLIPS, Committee, etc., Respondent, *v.* JANE C. McCOMBS, Executrix, etc., Appellant.

McC. bequeathed to his son M. $300, to be paid two years after the death of the testator. He owed M. at the time $300. It was claimed by the executrix that the legacy was intended as a payment of the debt. Upon a reference of the disputed claim under the statute, the referee allowed evidence of the declarations of testator, substantially that the legacy was inserted to provide for payment of the debt. *Held*, error; that extrinsic evidence could not be given to establish the intent of the testator, and that the declarations were equally inadmissible in favor of his estate to establish an agreement between him and M

(Submitted September 9, 1873; decided October 7, 1873.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, affirming an order of Special Term setting aside a report of a referee in favor of defendant.

This was a reference, under the statute, of a disputed claim against an estate. The claim was presented by plaintiff as committee of Madison McCombs, an idiot. On the 16th of April, 1868, George McCombs died, leaving a will containing a bequest to the plaintiff's ward, in these words: "I also give and bequeath to my son, Madison McCombs, the sum of $300 cash, to be paid in two years after my death." At that time and at the time of testator's death, he owed Madison $300 for his labor. The defendant, Jane C. McCombs, his widow, and Madison's step-mother, was appointed execu-

trix, and letters testamentary were issued to her July 27, 1868. She paid the legacy at the time directed by the will. The executrix refusing to pay the $300 claim for labor, the parties entered into a stipulation, referring it. On the trial before the referee, the defendant insisted that the legacy paid the debt, and was permitted, against plaintiff's objection, to give evidence of the testator's declarations. The defendant was also permitted to give evidence of the admissions of the plaintiff's ward. These declarations and admisssions are set forth in the opinion.

The referee found for the defendant.

*F. W. Hubbard* for the appellant. The debt was satisfied by the legacy. (2 Wms. on Ex., 1169; 2 Cow., 246; 2 Hill, 576; 4 Wend., 499; Story's Eq., 1122.)

*Watson M. Rogers* for the respondent. A legacy from a debtor to a creditor is not presumptively a satisfaction of a pre-existing debt, unless it appears that this was the testator's intent. (2 J. Cas., 98; *Williams* v. *Crary*, 4 Wend., 449; 12 id., 68; *Eaton* v. *Barton*, 2 Hill, 576; 12 Mass., 391; Redf. on Wills, part 2, p. 515, § 52; Re., 6; 2 Wms. on Ex., 1113; Story's Eq., §§ 1121, 1122.) It was improper to receive evidence of testator's declarations to explain or vary the will or to show his intention. (1 Greenl. Ev., § 289; Wigram on Wills, prop. 7, 11–14; *Miller* v. *Travers*, 8 Bing., 244; *Eaton* v. *Barton*, 2 Hill, 576; *Van Vechten* v. *Sill*, 11 J. R., 201; *Hone* v. *Van Schaick*, 3 Comst., 538; *Charter* v. *Otis*, 41 Barb., 526.) The payment of the legacy was not a discharge of the debt. (*Dedrich* v. *Leman*, 9 J. R., 33; *Mech. Bk.* v. *Hazard*, 13 id., 353; *Seymour* v. *Minturn*, 17 id., 169.) It was improper to receive evidence of the admissions of the legatee. (2 Paige, 422; 4 How., 34; 2 Barb., 208; 11 Abb., 252; *Livingston* v. *Kiersted*, 10 J. R., 362; 1 Greenl. Ev., § 365.)

RAPALLO, J. The referee found that the legacy of $300 was inserted in the will for the purpose of paying the testa-

tor's debt of $300 to his son Madison, and that such arrangement, for the payment of the debt, was made with the consent and approval of Madison, and was satisfactory to him, and that, when the legacy was paid by the executrix, it was paid by her and accepted by him as payment of the debt. This finding was based upon evidence of the declarations of Madison that his father had agreed to pay all he owed him in two years from the time of his death, and that on coming out of his father's room, Madison said to his mother that his father had done right by him, that he had left it in his will to pay him two years after his death ; also upon evidence, that when the will was drawn, the testator stated to the scrivener who drew it that Madison claimed $300 for labor, and that he, the testator, wanted the legacy in the will, for the reason that it would give Mrs. McCombs two years to pay it.

The debt being due, and the legacy being payable two years after the testator's death, no legal presumption arises upon the face of the will that the legacy was intended as a payment of the debt. (Story's Eq., §§ 1121, 1122.) The executrix, therefore, attempted to establish, by extrinsic evidence, either an intention of the testator that it should be a payment, or an agreement between the testator and the legatee that the $300 due the legatee should be paid by the legacy, and that the legacy was made in pursuance of that agreement.

The declarations of the testator to the scrivener appear to have been much relied upon by the referee, as he makes them one of the prominent grounds of his decision. We concur with the court below that they were inadmissible for the purpose of showing the intention of the testator. The grounds upon which they were inadmissible for this purpose, are fully and clearly set forth in the opinion of Doolittle, J, at Special Term, and the authorities are there cited. The declarations were equally inadmissible for the purpose of establishing the agreement set up by the executrix, for, in that aspect, they would be declarations of the testator in his own favor or in favor of his estate.

The admission of this evidence was error, which justified

the court below in setting aside the report and ordering a new trial, without regard to the questions whether the agreement, if proved, would have had the effect claimed, or the declarations or contracts of the idiot, made during the period overreached by the inquisition, though before it was found, were binding upon his committee. Any one material error in the decision of the referee is sufficient to constrain us to affirm the order granting a new trial.

The order appealed from must be affirmed, and judgment absolute rendered against the appellant upon the stipulation.

All concur.

Order affirmed, and judgment accordingly.