ANN E. DE GROFF, APPELLANT, *v.* EZEKIEL TERPEN-NING, PERSONALLY AND AS EXECUTOR, ETC., AND OTHERS, RESPONDENTS.

*Legacy — ademption of — declaration of testator as to intention — What does not constitute an ademption — Annuity — effect of statute of limitations on.*

Declarations of a testator cannot be proved to establish his intention of adeeming a legacy by means of subsequent advances to the legatee, except where they are made at the time of making the advances and with a view of giving character to the transaction.

*Semble,* however, that such general declarations may be given in evidence to rebut the presumption of any such intention, and that in such a case, similar evidence may then be admissible to establish such intention.

A testator by his will, executed in 1840, gave to his daughter $400, to be paid to her one year after his death, if she then had issue, and if not then she to

receive the interest during her life, and upon her death the principal to go to her issue, if any, and if not to be divided between his surviving daughters and their children. In October, 1845, he gave to the daughter $400, telling her to take it as a present from her father, and took her husband's note for that amount. Thereafter and on the same day he executed a codicil to his will, by which, among other things, he said: "Whereas, in my said last will I have given to my daughter Ann Eliza the sum of $400, now it is my will that if my said daughter Ann Eliza shall die without lawful issue, then the same is hereby devised to my daughters and not to my sons," and directed that the codicil be annexed to and made part of his will.

*Held,* that the gift of the $400 to the daughter was not an ademption of the legacy contained in the will.

The testator died in 1847, and this action was commenced in 1876; it appeared that a demand for the payments of interest due in the years 1848, 1849 and 1850 had been made and refused on the ground of the ademption of the legacy.

*Held,* that as plaintiff, having no issue, was not entitled to receive the principal but merely the interest annually; her right to maintain this action to recover the arrears of interest on the $400 was not barred by the statute of limitations, and that she was entitled to recover the aggregate of the annual payments, with the interest thereon, but only for the ten years prior to the commencement of the action.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

This action was brought by the plaintiff to recover from the executors of her father's estate the arrears of interest on a legacy claimed by her to be due, and to have the said legacy declared a charge upon the lands devised by the said will. The defendants claim that the legacy had been adeemed by advances made by the testator, and that the claim was barred by the statute of limitations.

The testator died October 6th, 1847, and his two sons Ezekiel and John S. duly qualified as executors.

In each of the years 1848, 1849 and 1850, a demand was made by the plaintiff's husband, in her behalf, for the interest upon her legacy, but payment was refused on the ground of the ademption of the legacy. This action was commenced in February, 1876.

*D. M. De Witt,* for the appellant.

*Chas. A. Fowler,* for the respondents Helen, Solomon and Oliver J. Terpenning.

*F. L. Westbrook,* for the respondent Ezekiel Terpenning.

LEARNED, P. J.:

The first question is on the admission of the evidence of Van Auken. He was allowed to testify, against the plaintiff's objection, that before the time when the testator made the alleged payment to the plaintiff, the testator told him that he was going to pay the girls a legacy. And he was also allowed to testify that, after the time of the alleged payment, and after the execution of the codicil, the testator told him he had given the plaintiff her money, and that he had fixed it so that the writing he took from her husband would show she had the money he had given them in the will.

The defendants, to show that this evidence was proper, cite the case of *Paine* v. *Parsons*, 14 Pick., 318. But the decision there was only that a charge in the testator's books was legal evidence. Nothing is said in the opinion as to his declarations. They also cite *Richards* v. *Humphreys*, 15 Pick., 133. In that case the declarations were made to the legatee, and at the time of payment. *Betts* v. *Jackson*, 6 Wend., 188, also cited, does not apply to the circumstances of the present case.

In the very able case of *Kirk* v. *Eddowes*, 3 Hare, 509, the rule is laid down that in no case can the declarations of the testator be proved for the purpose of establishing his intention of adeeming a legacy by means of subsequent advancements, except such declarations as he made at the time of making such advancements and with a view of giving character to the transaction. This view is supported by the opinion of the Court of Appeals on the analogous question, whether a legacy was intended as a payment of a debt. (*Phillips* v. *McCombs*, 53 N. Y., 494.)

Evidence of declarations may, perhaps, be admitted to *rebut* the presumption that a payment is an ademption of a legacy. And when admitted to rebut, then, probably, similar evidence to the contrary must be allowed to come in. (3 Green. Evid., § 366; *Hine* v. *Hine*, 39 Barb., at 512.) But, in the present case, the evidence of declarations was admitted to show that the testator intended to adeem the legacy. We think this was incorrect.

The next question is, was the transaction between the testator and the plaintiff an ademption of the legacy? The will was executed in July, 1840. It gives to the plaintiff "four hun-

dred dollars, to be paid unto her one year after my decease, provided she has lawful issue at that time, and if she has no lawful issue, then I order and will that my two sons pay to her the interest of the four hundred dollars yearly and every year during her natural lifetime; and after decease, I give and bequeath the said four hundred dollars unto my surviving daughters, and their children if they should have deceased, and if and when she have issue the money is to be paid to her."

Similar legacies were made to the other daughters. On the second of October, 1845, the testator gave to the plaintiff $400, telling her to take it as a present from her father. At the same time the plaintiff's husband gave the testator therefor a note. or due bill of that date. This took place at the office of Peter Van Gaasbeck, and afterwards, at that same office, the testator executed a codicil to his will. By this codicil he recites the fact of his having made his will; he changes one legacy from $200 to $150, devises a piece of land, and then says, "Whereas, in my said last will I have given to my daughter, Ann Eliza, the sum of four hundred dollars, and now it is my will that if my said daughter Ann Eliza die without lawful issue, then the same is hereby given to my daughters, and not to my sons; and lastly it is my desire that this present codicil be annexed and made part of my last will and testament to all intents and purposes."

The legacy given by the will was not absolute to the plaintiff. There was a remainder over, in one contingency; and this remainder was not to her children, but to her sisters. It is urged, therefore, by the plaintiff that payment to her could not be an ademption of the legacy, inasmuch as others were interested in it. These others were not her children or family. (*Carver* v. *Bowles,* 2 R. & My., 301; *Langdon* v. *Astor's Ex.,* 16 N. Y., 45; *Kirk* v. *Eddowes, ut supra.*) Nor were they incidentally interested. (*Hine* v. *Hine, ut supra.*) The legacy then was not for the benefit solely of the plaintiff and of her family. It was, in the contingency of her death without issue, given to others.

The learned justice who tried the case felt the force of these considerations. He says that it is not decided whether those who are entitled to receive the money upon the death without issue, can make any claim upon the estate. But it must be that if a

general legacy is adeemed, it is adeemed *in toto.* The theory of ademption is that the gift or advancement takes the place of the legacy. It is hardly possible to say that the gift or advancement to the plaintiff adeemed the legacy as to her and left it valid as to the legatees in remainder.

And passing over this point, we must notice that, after having given the money to the plaintiff, the testator made the same day a codicil. In that codicil he refers to the legacy given to the plaintiff by his will, and he directs how that legacy shall go if she should die without issue. It would seem that he had forgotten just what the direction was in that respect in the will; because he makes, in fact, no change. But he recognizes the legacy as a thing still in his mind, and remaining of force in his will. Can it be possible that he intended to adeem it by the act which he had just done ?

The case of *Paine* v. *Parsons* (*ut supra*), is cited by the defendants to show that the republication of a will by a codicil does not rebut the presumption of ademption of the legacy. But in that case the will gave a certain amount, to be paid the legatee on her marriage. She had married, and had received from the testator himself this amount, or at least substantially this amount. Subsequently the testator made his codicil, by which he gave her $100, " in addition to what I have before given " her. It was held that the republication of the will by the making of the codicil, did not rebut the presumption that the legacy had been adeemed. That case is by no means like the present. The question here is whether the codicil does not, in its language, recognize the legacy as a thing still in force. If the testator had given to the plaintiff, before executing the codicil, $400, he had no control over that money, to say that it should go to any one after her death. It was the plaintiff's, if it had been given to her; and she might do as she pleased with it. And the testator had no further power over it by will or otherwise. And since, by the codicil, he did direct where the legacy should go, he must have understood that the legacy was still to be paid out of his estate at his death, and therefore was in his own power. It seems to us, therefore, that the codicil rebutted any presumption of ademption which might otherwise have arisen from the transaction which took place previously, on the same day.

The answer of the defendants avers that at the death of the testator the plaintiff was indebted to him in the sum of $400, for which a promissory note had been given, which note was among the effects of the testator at his death, and that after his death the plaintiff took and received this note in lieu of the bequests. On this point the only proof is that one of the defendants and of the executors of the testator, after his death, found among his effects a note of the plaintiff's husband; that afterwards he looked for the note and could not find it. It appears that the note has not been paid; but it does not appear what has become of it. This defense of the answer, therefore, is not proved.

The next question is, whether the legacy is a charge on the real estate. The testator gave certain land to his son, John S., "upon this express condition, that he pay, or cause to be paid, such legacies, and perform such acts, and pay such moneys as I shall herein enjoin him to perform." He gave other land to his son, Ezekiel, on the same terms. The legacy to the plaintiff directs (as above quoted) that the two sons pay her the interest of the $400 yearly, if she has no issue. The last clause but one of the will, orders his sons to faithfully pay all legacies; and again it says: "the legacies and the debts they must pay equally between them, share and share alike." And the last clause appoints these sons executors. They also were residuary legatees of the personal estate. It hardly needs argument to show that the testator intended the real as well as the personal property should be appropriated, if necessary, to pay the legacies. Such payment was the express condition of the devises to the sons. The real estate is still in the ownership of one devisee, and of the heirs of the other. No questions arise, therefore, on the necessity of first exhausting the personal estate.

Another point raised is on the statute of limitations. As the plaintiff never has had issue, she has never been entitled to receive the $400. All that she has ever been entitled to is the interest on that amount, payable every year. She has never had a right to ask the defendants to pay her the $400, or to have that amount adjudged a charge on the estate. What is called interest in the will is not a mere collateral to the principal sum, which would be discharged by the payment of the principal sum to the parties

entitled in remainder. The direction that the two sons should pay the plaintiff the interest of the $400 yearly, imposed on them the duty of paying her, every year, $28. Each neglect to pay the sum of $28, gave a ground for the plaintiff to bring her action therefor. She might waive or release the payment due for one year, and claim that which should be due the year after. If the sons had made the yearly payments for ten years, and then had refused to make any more, her rights would be the same.

The case of *Bruce* v. *Tilson* (25 N. Y., 194), holds that where there is a contract for the conveyance of land, a request for such conveyance is not necessary. The party entitled may bring an action for specific performance without request. Hence the statute begins to run at once, and a subsequent request does not extend the time. But that is not this case. In the case of an annuity, if a party neglects to sue for the first year's sum until such suit is barred by the statute, this neglect does not prevent an action on the sums payable in subsequent years. And if such annuity be secured by a mortgage or by a charge on land, the same rule must apply. So far, then, as these annual payments are not barred, the plaintiff must be entitled to recover them, and to enforce them as a charge. It is decided in *Loder* v. *Hatfield* (11 S. C. N. Y., 36,) that the statutory limitation of actions to enforce legacies charged on land, is ten years. That decision must control us. It is also decided in that case that a legacy thus charged draws interest, without demand. The plaintiff, therefore, is entitled to the aggregate of the annual payments, with interest thereon for ten years prior to the commencement of this action, and she is entitled to such annual payments during her life, unless she should have issue.

The amount already accumulated as above, and the future payments, are a charge on the land; one-half on that of Ezekiel, and the other half on that of the heirs of John S.

The disappearance of the note made by the plaintiff's husband, and the long delay in commencing this action, are circumstances which harmonize with the theory that the plaintiff's claim was satisfied by the surrender of that note. But there are not facts sufficient, as the case stands, to sustain that theory. The surviving executor testifies positively that the note never came into the

possession of the executors; therefore it could not have been surrendered by them.

There must be a new trial, costs to abide the event.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment reversed, new trial granted, costs to abide event.