## In re MOREY'S ESTATE.

*(Supreme Court, General Term, First Department.* June 19, 1888.)

WILLS—CONSTRUCTION—LEGACY TO CREDITOR.

On a proceeding to enforce payment of a legacy and of a judgment obtained by petitioner against the executor for services rendered to decedent in her life-time, where the executor's answer alleges that the will recited the bequest to petitioner of a certain sum, "which she is to accept and receive in place of all claims which she may have against me," the legacy will be ordered paid on condition that petitioner stipulates to satisfy the judgment, but not otherwise.

Appeal from common pleas of New York city and county, special term.

Appeal from a decree of the special term of the court of common pleas of New York city and county, while exercising the jurisdiction of the surrogate's court of that county, directing the executor of the estate of Harriet Morey to pay to respondent a legacy claimed to be due her under the will, with interest.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John R. Reed,* for appellant. *Henry M. Whitehead,* for respondent.

PER CURIAM. The respondent alleges in her petition that she is a legatee under the will of Harriet Morey, which has been duly admitted to probate, and also that there is justly due to her from the estate of the decedent, for services rendered to her in her life-time, the sum of $1,349.22, for which a judgment was duly rendered against the executor of the decedent Harriet Morey, and prays for a judicial settlement of the account of the executor, for the payment of the judgment, and also the legacy. Upon this petition a citation was issued, requiring the executor to show cause why he should not render a satisfactory account of his proceedings, why a degree should not be made requiring him to pay to the petitioner the amount of her legacy under the will, and also the amount of her judgment against the estate. The answer

alleges, in reference to the claim, the recovery of the judgment mentioned, and also that the legacy in the will was as follows: "I give and bequeath to Elizabeth De Witt, of the city of New York, $100, which she is to accept and receive in place of all claims that she may have against me." The proceedings resulted in the decree which granted so much of the petition only as prayed for the payment of the legacy, with leave to renew the application for the payment of the judgment when the proceedings to review it had been completed; it having been alleged that proceedings to review it had been adopted.

The legacy, it will have been observed, was given in payment of all claims against the decedent; and the intention of the testatrix was therefore clear and beyond doubt that only $100 was intended as a payment of any such claim. The courts have held that a legacy to a creditor is not to be deemed a satisfaction of his claim unless so intended by the testator, (*Boughton* v. *Flint*, 74 N. Y. 482; *Phillips* v. *McCombs*, 53 N. Y. 496; *Reynolds* v. *Robinson*, 82 N. Y. 107,) inasmuch as a legacy implies a bounty, and not a payment. But, when it appears that the legacy is intended as a payment of all indebtedness, the legatee, accepting, must conform to all its provisions, and renounce every right inconsistent with it. *Havens* v. *Sackett*, 15 N. Y. 369. Courts of equity proceed upon the rule that there is an implied condition that he who accepts a benefit under the instrument shall adopt the whole, and conform to all its provisions, and renounce every right inconsistent with it. *Chipman* v. *Montgomery*, 63 N. Y. 234. Section 2718 of the Code declares that the surrogate, in a proceeding to enforce the payment of a legacy, must dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner, where the executor or administrator files an answer duly verified setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity and legality absolutely or upon information and belief. Applying the principles enunciated by the cases cited, it is the duty of this court to reverse the order of the court below, directing the payment of the legacy, unless the respondent petitioner stipulates to satisfy the judgment, in which case the order will be affirmed, without costs; otherwise the decree appealed from must be reversed, with costs of the appeal and disbursements.