## KENNAGH v. McCOLGAN.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

1. PLEADING—DEMURRER—TO EACH DEFENSE.
    A demurrer "to each and every defense contained in the answer of the defendant" entitles plaintiff to have his demurrer to each defense specifically passed on.
2. EXECUTORS AND ADMINISTRATORS—ACTIONS FOR LEGACIES—DEMAND.
    In an action against an executrix for a balance alleged to be due on account of a legacy given to plaintiff by defendant's testator, an answer denying that any demand had been made for such balance raises an issue which must be tried under Code Civil Proc. N. Y. § 1819, providing that if, after a certain time, a personal representative refuses, on demand, to pay over a legacy, an action may be maintained therefor.
3. SAME—DISMISSAL—SECOND ACTION.
    Code Civil Proc. N. Y. §§ 2717, 2718, provide that a petition may be presented to the surrogates court by a legatee asking for payment of the petitioner's claim, and that such petition must be dismissed without prejudice where the personal representative files a written answer, duly verified, setting forth facts which show that it is doubtful whether petitioner's claim is legal, and valid. *Held*, that an answer that plaintiff had petitioned the surrogate for the payment of such balance, and that, on the filing of an affidavit by defendant that she had paid over such balance by order of the surrogate, the latter had dismissed the petition, did not show a defense.
4. JUDGMENT—PLEADING—JURISDICTION OF COURT.
    Code Civil Proc. N. Y. § 532, provides that in pleading a judgment or other deter-. mination of a court or officer of special jurisdiction it is not necessary to state the facts conferring jurisdiction, but such determination may be stated to have been duly made. *Held*, that an answer setting up that such balance had been paid, as a collateral inheritance tax, by order of the surrogate, in pursuance of the statute authorizing such a tax, was not objectionable, because it did not state the order of the surrogate to have been duly made.

Appeal from special term, New York county.

Action by William F. Kennagh against Elizabeth McColgan, as executrix of John McColgan, deceased. An order was made overruling a demurrer to the answer of the defendant, and the plaintiff appeals. The following are the provisions of Code Civil Proc. N. Y., referred to in the opinion: Section 532 provides that "in pleading a judgment, or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made." Section 1819 provides that "if, after the expiration of one year from the granting of letters testamentary, or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires." Section 2717 provides: "A petition may be presented to the surrogate's court * * * by a person entitled to a legacy, or any other pecuniary provision under the will, or a distributive share, for the payment or satisfaction thereof." And section 2718, that "the decree must dismiss the petition, without prejudice to an action or an accounting, in behalf of the petitioner, where the executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely, or upon information and belief."

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*E. W. Brenen,* for appellant. *William J. Lardner,* for respondent.

BARTLETT, J. The court below treated the demurrer as a demurrer to the whole answer. In terms, however, the plaintiff demurred "to each and every defense contained in the answer of the defendant." I think the effect of a

demurrer in this form was the same as though the plaintiff had demurred separately to each defense, and as though the demurrer had read: "The plaintiff demurs to the first defense contained in the answer on the ground that said defense is insufficient in law on the face thereof. The plaintiff demurs to the second defense contained in the answer on the ground that said defense is insufficient in law on the face thereof,"—and so on. If this view is correct, the plaintiff is entitled to have his demurrer to each defense specifically passed upon.

The defenses in the answer are not distinctly separated, or separately numbered; but it is evident that the pleader intended to set out three defenses. The first defense is contained in the paragraphs numbered 1 and 2, the second in the paragraph numbered 3, and the third in the paragraphs numbered 4 and 5. The action is brought to recover the sum of $750, which is alleged to be due, and to have been demanded from the defendant as the balance of a legacy of $15,000, bequeathed to the plaintiff by the defendant's testator. In the first defense there is a denial "that said alleged balance of $750 has been demanded as alleged in the complaint." As to this defense the learned judge, at special term, correctly held that it was sufficient, inasmuch as it was necessary to allege a demand in the complaint, and a denial of that demand raised an issue which must be tried. Code Civil Proc. § 1819.

The second defense contained in the answer is that the defendant, after the probate of her testator's will, was obliged to pay the sum of $750 "by order of the surrogate of the county of New York, in pursuance of chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887, known as 'An act to tax gifts, legacies, and collateral inheritances in certain cases,'" the amount so paid being the tax adjudged to be due and payable under said act by the plaintiff upon the legacy of $15,000. As a part of this defense it is further alleged that all the rest of said legacy, amounting to $14,250, with interest, has been paid to the plaintiff. The criticism made upon the second defense is that it neither states the facts necessary to confer jurisdiction upon the surrogate's court, nor does it state the order of the surrogate to have been duly made as prescribed in section 532, Code Civil Proc. In my opinion, however, the averment that the surrogate's order for the payment of the collateral inheritance tax was made in pursuance of the statute authorizing such a tax, and providing for its collection, is to be deemed in all respects equivalent to an allegation that said order was duly made.

The third defense is that the plaintiff heretofore petitioned the surrogate for a decree that the defendant pay over to him the sum of $1,500; that the defendant appeared in opposition to the application, and filed an affidavit showing that she had only $750 in her hands belonging to the plaintiff, having paid the other $750 to the comptroller of the city of New York; that the surrogate thereupon decreed that the defendant should pay only $750 to the plaintiff, and dismissed the petition in all other respects; and that the decree has been complied with by the defendant. But the plaintiff has never appealed from that portion thereof which was adverse to him. In view of the provisions of sections 2717, 2718, Code Civil Proc., as those sections have been construed by this general term, (*In re Morey*, 1 N. Y. Supp. 687,) these facts are not sufficient to constitute a defense. The affidavit filed by the defendant in opposition to the plaintiff's application to the surrogate appears to have brought the case fairly within the terms of subdivision 1, § 2718, of the Code, so far as one-half of the plaintiff's claim was concerned; and it follows that the dismissal of the petition as to that portion of the claim was without prejudice to a subsequent action, such as the present suit, in behalf of the petitioner. The final judgment should be reversed, and the interlocutory judgment should be modified so as to overrule the demurrer as to the first and second defenses and sustain it as to the third defense, without costs of this appeal to either. All concur.