### DRAKE v. SATTERLEE.

*(Supreme Court, General Term, First Department. November 13, 1891.)*

1. PLEADING—DEMURRER TO DEFENSE CONSISTING OF NEW MATTER.
   Under Code Civil Proc. N. Y. § 494, which provides that plaintiff may demur to a defense consisting of new matter in the answer on the ground that it is insufficient in law on the face thereof, a demurrer to "each and every defense consisting of new matter" in an answer, not designating any specific defense, is too indefinite to present any question, where the new matter contained in the answer is not expressly pleaded as a separate defense, and is not separately numbered.

2. SAME—COUNTER-CLAIM.
   An answer by a defendant who was made a party as a claimant of a fund in court, in which he asks no affirmative relief as against plaintiff, but only that the fund be awarded to him, does not constitute a counter-claim, within Code Civil Proc. N. Y. § 501, providing that a counter-claim must tend "to diminish or defeat the plaintiff's recovery."

3. SAME—INTERLOCUTORY JUDGMENT ON DEMURRER.
   In an interlocutory judgment overruling a demurrer to an answer, a provision that plaintiff may withdraw the demurrer, and that thereupon defendant may apply for an order making other persons parties defendant, is not authorized by Code Civil Proc. N. Y. § 497, which provides that on the decision of a demurrer the court may "allow the party in fault to plead anew or amend, upon such terms as are just."

Appeal from special term, New York county.

Action by John R. Drake against Herbert L. Satterlee, as receiver, etc. A demurrer by plaintiff to an amended answer was overruled. The interlocutory judgment entered thereon allowed plaintiff to withdraw the demurrer, and gave leave to defendant, upon such withdrawal, to apply for an order adding other parties as defendants. Plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Joseph A. Thompson,* for appellant. *Alexander Harvey, (Henry W. Hardon,* of counsel,) for respondent.

INGRAHAM, J. By the amendment to the complaint this action became an action in equity to determine the ownership of a fund in court,—the plaintiff

claiming it as assignee of one Sherman, and the defendant as receiver of said Sherman; plaintiff also alleging that the appointment of defendant was void, and defendant alleging that assignment to plaintiff was void, and made with intent to hinder, delay, and defraud creditors. The answer does not set up the facts as separate defenses, but denies the right of plaintiff to the fund, and alleges that defendant, as such receiver, is entitled to the fund. The plaintiff demurs to "each and every defense consisting of new matter" in said answer, and also to "the counter-claim contained in said amended answer," specifying several objections thereto. The grounds upon which a plaintiff is allowed to demur to answer are specified in sections 494 and 495 of the Code. By section 494 of the Code it is provided that a plaintiff may demur to a defense consisting of new matter contained in the answer on the ground that it is insufficient in law upon the face thereof. The demurrer here interposed repeats the words used in this section without designating any specific defense which it is claimed is insufficient. After an examination of the answer, we are not at all sure that there is any "defense consisting of new matter" therein contained. The complaint alleges the fact of defendant's appointment as receiver. It alleges the making of the contract under which both parties claim, the payment of the money into court, and most of the answer consists of allegations in relation to facts alleged in the complaint. It is possible that the allegations as to the order entered on the motions, which are claimed by defendant to be *res adjudicata* upon the issues in this action, could be treated as a defense consisting of new matter, but it is not expressly pleaded as a separate defense, and is not separately numbered. The plaintiff, if he had desired to have this question raised, could have applied to the court to compel defendant to make his answer more definite and certain, or to separately state and number his defenses, and could then have demurred to each specific defense which "was insufficient in law upon its face." We think that in the present state of the pleadings the demurrer is not sufficiently definite to present any question to the court for its determination. It is true that in some cases a demurrer to each and every defense contained in the answer has been upheld as, in effect, a demurrer to each specific defense,—*Kennagh* v. *McGolgan*, (Sup.) 4 N. Y. Supp. 230,—but in such cases the pleading demurred to in some way plainly indicated the defenses which the defendant relied on to defeat plaintiff's cause of action, and the demurrer thus definitely specified the defenses which the plaintiff wished to challenge. We agree, therefore, with the court below that the demurrer was too indefinite to present any question as to the defenses contained in the answer.

Plaintiff also demurs to the counter-claim set up in the answer, upon several grounds, but one of which is authorized by the Code, (section 495.) A demurrer to a counter-claim on the ground that there is a defect of parties is not allowed by the section. The demurrer that the counter-claim does not state facts sufficient to constitute a cause of action cannot be sustained. Plaintiff, to recover, must depend upon the validity of the assignment from Sherman. If that assignment is void as to the defendant, he has a right to allege the facts, to show that such assignment is void as an equitable defense, and so defeat plaintiff's cause of action. He has also a right to allege that, such assignment being void, the fund belongs to him. This he does by showing that he has been duly appointed receiver of the property of the plaintiff's assignor, to whom the money was, under the contract, payable, and as such representing Sherman's creditors. We do not think, however, the answer contained a counter-claim, within section 501 of the Code. The defendant was made defendant as a claimant to a fund in court. He asks no affirmative relief as against the plaintiff. What he does ask is that the fund which is the subject of the controversy be awarded to him. If the plaintiff is not entitled to the fund, it can make no difference to him whether it is awarded to the defendant or not, and the right of the plaintiff to recover depends upon

his ability to prove the allegations of the complaint, which are denied by the answer. The facts upon which defendant relies to establish his right to the fund do not tend to diminish or defeat the plaintiff's recovery. We do not think, therefore, that the demurrer is sufficiently definite to raise any question as to the defenses set up in the answer, and, as no counter-claim is alleged upon which defendant demands an affirmative judgment, no question was presented by the demurrer. The interlocutory judgment entered on the decision of the court overruling the demurrer allowed the plaintiff to withdraw demurrer, and reply to the amended answer, and then provides that, in case plaintiff shall withdraw such demurrer, the defendant shall have leave to apply to the court for an order making such other persons parties defendant as may be necessary for a full determination of the issues herein, and may amend his answer. We think this provision of the interlocutory judgment unauthorized. On the trial of the issue of law raised by the demurrer the decision must either sustain or overrule the demurrer, and by section 497 of the Code the court is given power in its discretion to allow the party in fault to plead anew or answer upon such terms as are just. Whether or not other persons should be made parties to the action should be determined upon an application to the court at special term, when, upon a presentation of the facts, the parties could have an opportunity to be heard, and the question determined. The hearing on the demurrer was a trial of the issue of law raised by the pleadings, and it was only that issue of law that could there be determined. We think, therefore, that the interlocutory judgment appealed from should be modified by striking out all after the provision for final judgment, and, as so modified, affirmed, without costs in this court, with leave to the plaintiff to withdraw the demurrer on payment of the costs in the court below. All concur.