### DUSENBURY *et al. v.* HOADLEY.

(*Supreme Court, General Term, Fourth Department.* November, 1892.)

1. EVIDENCE—BOOK ENTRIES.
    An entry in a "cashbook" or "discount book" of a decedent in his own handwritting, under a certain date, stating, "Cash paid, A. D. Hoadley note, $150," is not competent evidence in favor of the administrators of decedent's estate, that h paid value for the note.

2. ACTION ON NOTE—GENERAL DENIAL—DELIVERY.
    In an action on a note, a general denial puts in issue the question of delivery

Appeal from judgment on report of referee.

Action by Whitmore Dusenbury and others, administrators, etc., of George Dusenbury, deceased, against Aubert D. Hoadley to recover on a promissory note. From a judgment in favor of defendant, entered on the report of a referee dismissing the complaint, plaintiffs appeal    Affirmed.

The complaint alleged that defendant made and delivered to plaintiffs' intestate in his lifetime a promissory note dated October 20, 1885, for $150, payable one year after date, "to the order of Harper Dusenbury or bearer," for value received, with use, and that, after the death of George Dusenbury, the note came into the possession of plaintiffs as one of the assets of the deceased, and that they are now the lawful owners and holders thereof, and that no part has been paid. The answer was a general denial. The referee found that the note was never delivered by the defendant, or by his authority, and that, as the plaintiffs did not show that their intestate was a purchaser in good faith and for value, they could not recover.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*E. C. Moody,* for appellants.    *H. S. Williams,* for respondent.

MERWIN, J. Upon the trial of this action it became important for the plaintiffs to show that their intestate paid value for the note. Whitmore Dusenbury, one of the plaintiffs, being upon the stand as a witness in behalf of the plaintiffs, a book was shown to him, and he testified as follows: "This is the cashbook of George Dusenbury, in which he kept, in his own handwriting, an entry of cash paid out by him, and for money paid by him upon notes bought or discounted by him." Plaintiffs then offered in evidence "the book, page 105, third line from the bottom of the page, under date of October 20, 1885, showing, 'Cash paid, A. D. Hoadley note, $150,' in handwriting of George Dusenbury, deceased." This was objected to as incompetent and immaterial and hearsay, and a memorandum by intestate in his own favor, and improper. The objection was sustained, and plaintiffs excepted. This ruling the plaintiffs claim to be erroneous. The case shows that Dusenbury died in 1890, then being an old man, and having done no business himself after 1888; that he had been in the mercantile trade for many years, and at one time did a banking business as a private banker; made it a business of discounting notes, and of loaning money on notes, at times. One witness

testifies that in 1885 he did not run his store, but looked after his farms, and had an office at the store where he transacted all his business. Another witness testifies that Dusenbury formerly kept a store, and about this time kept a banking house for about three years. "Was a moneyed man, and often discounted notes. Bought notes and loaned money, more particularly while in the banking business. After that he did not loan so much, but he did to some particular ones." It is to be observed that the entry offered does not show to whom the money was paid, nor is the time of the entry shown, except as it may appear from the entry itself. In another part of the evidence the book is called the "Discount Journal of Dusenbury."

The book offered was not competent as an account book. The necessary preliminary facts were not shown, and, besides, the rule as to account books does not apply to a cash transaction such as was here offered. *Smith* v. *Rentz*, 131 N. Y. 169, 30 N. E. Rep. 54. In the case cited the book offered by the plaintiff, and held inadmissible, was a ledger kept by plaintiff's testator, a banker. There is a rule by which entries of third persons in the usual course of business are, after the death of the persons making the entries, competent evidence. *Arms* v. *Middleton*, 23 Barb. 573; *Fisher* v. *Mayor*, 67 N. Y. 77; *Burke* v. *Wolfe*, 38 N. Y. Super. Ct. 271; 1 Greenl. Ev. § 115. As said by Judge STORY in *Nicholls* v. *Webb*, 8 Wheat. 337: "Memoranda made by a person in the ordinary course of his business, of acts or matters which his duty in such business requires him to do for others, are, in case of his death, admissible evidence of the acts and matters so done." So entries of deceased persons against their interest are admissible. See Wood, Pr. Ev. § 119 *et seq*. But these principles do not help the plaintiffs here, and we are referred to no case which holds that the entries made by the party himself in his books in his own favor are admissible in favor of his estate in a case like the present. On the contrary, it has been substantially held in a number of cases that such entries are not admissible. *Vaughn* v. *Strong*, (Sup.) 4 N. Y. Supp. 686; *Mason* v. *Wedderspoon*, 43 Hun, 21. See, also, *Doolittle* v. *Stone*, (Sup.) 8 N. Y. Supp. 605; *Sheldon* v. *Sheldon*, (Sup.) 11 N. Y. Supp. 477, reversed upon other grounds in 133 N. Y. 1, 30 N. E. Rep. 730; *Schwartz* v. *Allen*, (Super. Ct. Buff.) 7 N. Y. Supp. 5; *Calloway* v. *McMillan*, 11 Heisk. 557, cited in Wood, Pr. Ev. § 124. We think that the referee did not err in his ruling.

There are no other questions that call for special consideration. The question of delivery was at issue under the general denial. *Sawyer* v. *Warner*, 15 Barb. 282. There was evidence from which the referee had a right to find that the note was never delivered by the defendant, and, that being so, it was incumbent upon the plaintiffs, in order to complete their title, to show that their intestate purchased in good faith and for value. *Hall* v. *Wilson*, 16 Barb. 548; *Curtis* v. *Crane*, 6 N. Y. St. Rep. 748, affirmed 121 N. Y. 650, 24 N. E. Rep. 1091. We find no sufficient ground for reversal.

Judgment affirmed, with costs. All concur.